J. Haas, appellee, v. C. Owens, appellant.

No. 49110.

(Reported in 81 N.W.2d 654)

March 5, 1957.

Rehearing Denied April 5, 1957.

Kenline, Roedell, Hoffmann & Reynolds, of Dubuque, for appellant.

O'Connor, Thomas, McDermott & Wright, of Dubuque, for appellee.

Hays, J.—Plaintiff, while riding in a car owned and operated by defendant, sustained injuries for which damages are sought. The petition is in two counts in each of which recovery is based upon alleged negligence of the defendant. Count I asserts plaintiff was riding as a passenger for hire. Count II alleges payment to defendant and also that plaintiff and defendant were en route on a mission of joint and mutual professional interest. Defendant contends plaintiff was a guest within the purview of section 321.494, Code, 1954. At the close of all of the testimony, on defendant's motion for a directed verdict, the trial court withdrew Count I from the consideration of the jury and submitted Count II. There was a verdict for plaintiff and from the judgment entered thereon defendant appeals. Plaintiff filed no cross-appeal as to Count I.

Section 321.494, provides: "The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire unless damage is caused as a result * * * of the reckless operation by him of such motor vehicle."

Recklessness, under this statute, means more than negligence, the statute having been enacted for the very purpose of preventing recovery by a guest of damages resulting from the negligence of the driver of the automobile. Siesseger v. Puth, 213 Iowa 164, 239 N.W. 46; Shenkle v. Mains, 216 Iowa 1324, 247 N.W. 635; Crabb v. Shanks, 226 Iowa 589, 284 N.W. 446. Plaintiff's case being based entirely upon alleged negligence, and no question being raised as to the sufficiency of the evidence to establish such, the vital issue here is the status of plaintiff at the time in question.

In Knutson v. Lurie, 217 Iowa 192, 251 N.W. 147, the meaning of the term "guest" as used in the statute, then section 5026-b1, is discussed. We there said an occupant of a motor vehicle is not a guest when he is riding therein: (1) if performing a duty as a servant of the owner or operator of the vehicle, or (2) for a definite and tangible benefit of the owner or operator, or (3) for the mutual, definite and tangible benefit of the owner or operator on the one hand, and of the occupant on the other hand. It has been cited many times upon this question

by this court. See also Clendenning v. Simerman, 220 Iowa 739, 263 N.W. 248; Doherty v. Edwards, 227 Iowa 1264, 290 N.W. 672; Hansen v. Nelson, 240 Iowa 1298, 39 N.W.2d 292; Stenberg v. Buckley, 245 Iowa 622, 61 N.W.2d 452.

In Count I plaintiff attempts to bring herself within the exception stated in the statute, i.e., an invitee for hire. At the close of plaintiff's testimony the court, upon motion of the defendant, withdrew the question of "invitee for hire", holding the nominal payment made to the defendant was not sufficient to invoke the exception in the statute. See Thuente v. Hart Motors, 234 Iowa 1294, 15 N.W.2d 622.

Count II of the petition appears to be an attempt by plaintiff to place her status within the "definite and tangible benefit of the owner" or "mutual, definite and tangible benefit of the owner * * * and of the occupant" as announced in the Knutson case, supra. Since no attack was made on the sufficiency of the pleadings, we assume such to be sufficient to place plaintiff outside the guest statute, if supported by the proof.

Plaintiff and defendant, both residents of Dubuque, Iowa, are registered nurses and members of the State Association. Both were on private nursing duty. The State Association of Nurses had scheduled a polio workshop for its members to be held in Des Moines. Plaintiff, hearing that defendant intended to attend and to drive her car, asked defendant if she might ride with her as she wanted to attend the workshop, and consent was granted by defendant. On the date in question, defendant, accompanied by plaintiff and two other registered nurses, also interested in the workshop, left Dubuque in defendant's car and driven by defendant. While en route the injuries for which damages are sought occurred. It may be assumed that all four occupants of the car were interested in the care and treatment of poliomyelitis patients and that they went to the workshop in order to gain helpful information thereon. It is plaintiff's claim that she agreed with defendant, prior to the start of the trip, that she would pay for the transportation. Plaintiff testified, "I asked Charlotte (defendant), should I pay her then and she said 'No, we'll settle later.' There was no agreement at that time as to the amount to be paid by me." The next time pay-

ment was discussed was after plaintiff had returned home from the hospital. Plaintiff states, "I asked Charlotte how much I owed her and she said 'Not much, seventy-five cents'." This sum, in the form of a bank money order, was mailed to defendant together with a Christmas greeting card. Defendant states plaintiff offered to contribute to the gas and oil and was told if she wanted to do so, she, defendant, would let her know the amount later. Defendant also stated, "In deciding whether those girls went with me or not, as long as I was driving on a long trip, I usually like a companion with me. Aside from the fact of companionship, the reason for inviting these girls in my car was that they asked me to go." It appears that the seventy-five cents represented a four-way split of the gas bill.

This payment was deemed insufficient by the trial court to sustain an allegation of "a passenger for hire." We assume it is pleaded in Count II, and testimony offered thereon, in support of the claim of "benefits." Beyond the evidence of this seventy-five-cent payment, the record is silent as to any definite and tangible benefit received by the defendant, due to plaintiff's presence in the car, other than her companionship. Neither is there any evidence showing a mutual, definite and tangible benefit resulting to defendant and the plaintiff, from plaintiff's presence. Nor do we think the additional payment of seventy-five cents is such a substantial or tangible benefit as is contemplated by the statute and our decisions thereon. Martinez v. Southern Pacific Co., 45 Cal.2d 244, 288 P.2d 868; McCornack v. Pickerell, 225 Iowa 1076, 283 N.W. 899; Doherty v. Edwards, 227 Iowa 1264, 290 N.W. 672; Thuente v. Hart Motors, 234 Iowa 1294, 15 N.W.2d 622; Annotation 10 A. L. R.2d 1342, 1351.

Appellee relies, as did the trial court, upon Thuente v. Hart Motors, 234 Iowa 1294, 15 N.W.2d 622, and Stenberg v. Buckley, 245 Iowa 622, 61 N.W.2d 452, both supra. In the Thuente case, defendant furnished a truck and driver for the collection of scrap iron as part of a community project during World War II. Plaintiff accompanied the truck to assist in the loading and unloading of materials collected. We held the mutual benefit plaintiff and defendant received from each other's presence and efforts in behalf of the National emergency

was sufficient to remove plaintiff from the operation of section 321.494. Appellee contends the effort to stamp out polio creates a similar emergency. The case appears to the writer to go to the extreme limit. At least we do not feel inclined to enlarge the scope thereof as appellee would have us do.

Stenberg v. Buckley is a case where defendant operated a café. He was chairman of a committee of a local lodge, charged with serving a dinner. Plaintiff was a lodge member and a member of defendant's committee. As such member, plaintiff assisted defendant in transporting various items of food and cooking utensils from the café to the place of the dinner in a car owned and operated by defendant. Clearly, the assistance defendant received from plaintiff in what was a business venture for defendant places the case in a different category from the instant one. We think under this record the trial court should have held plaintiff to be a guest as a matter of law and sustained defendant's motion for a directed verdict.

Error is also assigned as to one instruction given and also as to the reception of certain testimony. In view of our holding plaintiff to be a guest there is no occasion to consider them.

For the reasons above stated the judgment is reversed and the cause remanded with directions to dismiss plaintiff's petition.—Reversed and remanded.

BLISS, C. J., and OLIVER, WENNERSTRUM, GARFIELD, THOMPSON, LARSON, and PETERSON, JJ., concur.

SMITH, J., takes no part.