Marvin Nielsen, appellee, v. Albert Henry Kohlstedt and
Virgil Dean Hutchinson, appellants.

No. 50746.

(Reported in 117 N.W.2d 900)

NOVEMBER 13, 1962.

Edson & Hamilton, of Storm Lake, Edward S. White, of Carroll, and Bernard L. Willis, of Lake City, for appellants.

Pendleton & Pendleton, of Storm Lake, and Daniel D. Sanderson, of Estherville, for appellee.

MOORE, J.—Plaintiff, while riding in a car owned and operated by defendant Virgil Dean Hutchinson, sustained injuries as a result of an intersection collision with a car owned and operated by defendant Albert Henry Kohlstedt. Plaintiff alleged he was a nongratuitous passenger and not a guest in the Hutchinson vehicle. The trial court overruled Hutchinson's motions for directed verdict made at the close of plaintiff's evidence and renewed at the close of all the evidence. The case against each defendant was submitted to the jury on the necessary elements of a negligence case. After overruling Hutchinson's motion for judgment notwithstanding the verdict and in the alternative for a new trial, judgment was entered against both defendants on the $25,000 jury verdict in favor of plaintiff. Both defendants gave notice of appeal. Kohlstedt has not completed his appeal. We are concerned here only with Hutchinson's appeal. For brevity he will be referred to as defendant.

Defendant asserts the trial court erred in (1) overruling his motions for directed verdict, (2) giving Instruction No. 25 and

472

refusing to give defendant's Requested Instruction No. 1, (3) failing to sustain his objections to certain evidence presented by plaintiff and not striking the same, and (4) not sustaining his motion for judgment notwithstanding the verdict or his alternative motion for a new trial. All relate to the sole issue argued by defendant, i.e., plaintiff was a guest while riding in defendant's car.

On the morning of November 10, 1960, plaintiff Marvin Nielsen, Robert Vauble and Robert Hutchinson were riding in a car owned and operated by defendant. They had left Sac City for Lanesboro to work on an addition to the fire station. An intersection accident with the Kohlstedt car occurred resulting in personal injuries to plaintiff. Defendant was a bricklayer of many years experience. Plaintiff was a "mud mixer", a tender. His job was to mix mortar and carry blocks as needed by the bricklayers on a construction job. Sometimes he did tend for defendant when not mixing mortar. Vauble was a tender for bricklayers. The occupation of Robert Hutchinson is not disclosed by the evidence.

For several years these men had worked for McCorkle Construction Company of Sac City, when work was available. Prior to November 9, 1960, a McCorkle job had been completed. The men started working on the Lanesboro job on November 9, 1960. The evidence is in dispute as to whether the Lanesboro job was a McCorkle contract. The company was helping on the job. Vauble testified he was working for McCorkle. The men in the car were fellow workers on the project and had worked as such with others, on November 9. Plaintiff tended for four bricklayers, including defendant on that date. Defendant was not the employer nor a foreman. As one of the bricklayers on the job he had some supervision over the tenders. He did not hire nor could he fire any of them. The amount of work a bricklayer could do depended on the efforts of the tender. Bricklayers seldom mixed their own mortar.

On November 9, plaintiff, defendant and two other bricklayers rode to the Lanesboro job with Joe Corwith, a bricklayer. How Vauble got to the job on November 9 is not shown by the evidence. He often went to the jobs on a McCorkle truck. When

the men worked for McCorkle he usually furnished transportation but there were times when his vehicles did not have enough room to haul the workmen. On these occasions one of the bricklayers or tenders volunteered to drive his car and the others rode with him. On one occasion defendant rode with plaintiff. No charge was made for such rides.

The morning of November 10 the men gathered at McCorkle Construction Company in Sac City. Vauble had planned to ride on the McCorkle truck. It left before his arrival. Plaintiff was invited to ride with defendant and the men started for the Lanesboro job.

Over defendant's objections evidence was received that where a bricklayer does a job he must have a tender to achieve maximum results, he is dependent on the supplier of the bricks, sand and mortar, one tender is required for each bricklayer, by custom and practice the bricklayers often haul the tenders, and the bricklayers change off driving.

Under his first assignment of error defendant argues the evidence establishes plaintiff was a guest and contends section 321.494, Iowa Code, bars any recovery for ordinary negligence. It provides:

"Guest statute. The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire unless damage is caused as a result of the driver of said motor vehicle being under the influence of intoxicating liquor or because of the reckless operation by him of such motor vehicle."

██ The purpose of our guest statute is to protect automobile drivers and owners from claims made by persons who were riding in the motor vehicle as guests or by invitation and not for hire except as in the statute provided. It is desirable to cut down litigation arising from the commendable unselfish practice of sharing with others' transportation in one's vehicle and protect the Good Samaritan from claims based on negligence by those invited to ride as a courtesy. Bookhart v. Greenlease-Lied Motor Co., 215 Iowa 8, 244 N.W. 721, 82 A.L.R. 1359; Knutson v. Lurie, 217 Iowa 192, 251 N.W. 147; Sullivan v. Harris, 224 Iowa 345, 276 N.W. 88; Murray v. Lang, 252 Iowa 260, 106 N.W.2d 643;

Horst v. Holtzen, 249 Iowa 958, 90 N.W.2d 41; Hardwick v. Bublitz, 253 Iowa 49, 111 N.W.2d 309. See also 45 Iowa Law Review 170.

■ Although our guest statute is in derogation of the common law it is to be liberally construed with a view to promote its objects and assist the parties in securing justice. Section 4.2, Code, 1958, 1962; Sullivan v. Harris, 224 Iowa 345, 358, 276 N.W. 88; Murray v. Lang, 252 Iowa 260, 265, 106 N.W.2d 643, 647; Hardwick v. Bublitz, 253 Iowa 49, 54, 111 N.W.2d 309, 312.

■ In Murray v. Lang, 252 Iowa 260, 266, 267, 106 N.W.2d 643, 647, in reference to our guest statute we said:

"Thus, in line with our rule of liberal construction of this statute for the protection of 'the owner or operator of a motor vehicle', we have in effect created a presumption, rebuttable, that an occupant riding in a car operated by another person is a guest within the meaning of section 321.494, and has the burden of proving otherwise in an action predicated upon negligence of the operator or owner."

■ In Knutson v. Lurie, 217 Iowa 192, 197, 251 N.W. 147, we held the occupant of an automobile driven by another is neither a guest nor mere invitee when he is riding there (1) when performing his duties as a servant of the owner or operator of the car; or (2) for the definite and tangible benefit of the owner or operator; or (3) for the mutual, definite and tangible benefit of the owner or operator on the one hand, and of the occupant on the other. It has been cited many times upon this proposition. Thuente v. Hart Motors, 234 Iowa 1294, 15 N.W.2d 622; Stenberg v. Buckley, 245 Iowa 622, 61 N.W.2d 452; McBride v. Dexter, 250 Iowa 7, 92 N.W.2d 443. Such benefits to the operator or owner as are incidental to hospitality, social relations, companionship or the like are not definite and tangible benefits as are contemplated by the rule.

Apparently plaintiff seeks to apply either the second or third basis to carry his burden of proof. It is definite plaintiff was not a servant or employee of defendant.

The rule regarding consideration or benefit removing a passenger from guest category is thus stated in 60 C. J. S., Motor Vehicles, section 399(5), pages 1014, 1015:

"The mere fact that both parties have a common interest and purpose in the trip is not sufficient to render the benefit derived compensation; neither is it sufficient that it is contemplated that some indirect benefit will accrue to the operator of the automobile, to which the carriage will have in some degree contributed collaterally or by way of inducement. The benefit derived must be material and tangible, and must flow from, and depend on, the transportation provided, although it is sufficient if the benefit comes not from the passenger himself but from a third person; the motive or provocation for the invitation must be more than the social one of reciprocal hospitality or pleasure, and the transportation must be in furtherance of something in the nature of a business or commercial interest. * * *

"The intention of the parties in entering on the undertaking is a prime consideration in resolving the question of benefits and the direction in which they flow, as well as their character and significance."

We applied these general principles in Sullivan v. Harris, Murray v. Lang, Hardwick v. Bublitz, all supra. In Bodaken v. Logan, 254 Iowa 230, 117 N.W.2d 470, we set out a summary of earlier holdings as applied to the facts in each cited case. This need not be repeated here.

In Haas v. Owens, 248 Iowa 781, 81 N.W.2d 654, plaintiff and others were riding to Des Moines with defendant to attend a polio clinic. All were nurses. Plaintiff paid 75 cents on expenses. We held she was a guest.

In Everett v. Burg, 301 Mich. 734, 4 N.W.2d 63, 146 A. L. R. 639, six fellow employees arranged for transportation to their place of employment by alternating each week in the use of automobiles, the one not owning an automobile paying the driver a specific sum for transportation. The court held the relationship was not that of "passenger for hire" but was the exchange of amenities between fellow employees, and hence the administratrix of one employee killed through another's ordinary negligence was not entitled to recover.

In Broadwater v. Coleman, 10th Cir., Kan., 224 F.2d 186, the court considered the Kansas guest statute. A court reporter was killed while riding with the Kansas district judge who had appointed him. The court at pages 188, 189, said:

"In disposing of the official court business of the district, it was necessary for the defendant to travel to different counties where court was held. It was customary on these occasions for the defendant to travel by automobile and for the deceased to ride with him. The defendant received the statutory mileage fees for the use of his automobile from the State of Kansas. He received the same amount regardless of whether he traveled alone or was accompanied by the reporter. The reporter was free to travel to the places where court was held in any manner that he saw fit. The defendant was not obligated to transport the reporter, and could have refused to transport him at any time. The defendant received no benefit from the transportation of the reporter, except that which was incidental to the performance of the reporter's official duties. These benefits were for the court and would have been the same had the reporter traveled other than with the defendant. * * *

"The defendant was under no obligation to transport the reporter to the place where he was to perform the official duties imposed upon him by statute. He was transporting the reporter, at the time he met his unfortunate death, without compensation and for the reporter's own convenience and accommodation. The latter, therefore was a guest within the meaning of the Kansas Statute."

A study of our decisions and those from other jurisdictions compels us to agree with this statement in Bushouse v. Brom, 297 Mich. 616, 627, 298 N.W. 303, 305: "But each case must be decided in the light of its own facts; and we think it is always important to ascertain, if possible, what it was that primarily motivated the undertaking." See also Schneider v. Parish, 242 Iowa 1147, 1151, 49 N.W.2d 535, 537.

■ We have given plaintiff's evidence its most favorable construction as we must do in considering a directed verdict. Rule 344(f)2, Rules of Civil Procedure. Including that received over defendant's objections it sums up to this: plaintiff and defendant were friends and fellow workers on construction projects, there was no thought of charge or pay of any kind, they and other workers were necessary employees to carry out the construction project efficiently, plaintiff was free to travel to Lanesboro in any manner he saw fit, defendant was not obli-

gated to transport him, and any benefit to defendant was only incidental. In inviting plaintiff to ride to Lanesboro, defendant was being a Good Samaritan.

To permit a holding that these arrangements made plaintiff a passenger for hire and not a guest is going too far.

We hold Hutchinson's motion for directed verdict should have been sustained.

Other claimed errors need not be considered.—Reversed.

All JUSTICES concur except STUART, J., who takes no part.