RALPH W. LIVINGSTON, administrator of estate of Opal M. Livingston, appellee, v. CLEO SCHRECKENGOST, administrator of estate of Rachel Irene Schreckengost, appellant.

No. 51124.

(Reported in 125 N.W.2d 126)

December 10, 1963.

Brown, Dresser, Kinsey & Jolas and Earl Smith, all of Mason City, for appellant.

Breese & Cornwell and Stanley L. Haynes, all of Mason City, for appellee.

STUART, J.—I.  Plaintiff's decedent died from injuries sustained in an accident which occurred while she was riding in an automobile owned and driven by defendant's decedent, who was also killed. For convenience, Mrs. Livingston, the passenger, will be referred to as plaintiff and Miss Schreckengost, the driver, will be referred to as defendant. The details of the accident are not pertinent to the disposition of the case as the only evidentiary question presented on appeal is the application of the Iowa guest statute, section 321.494, Code of Iowa, which reads:

"The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire unless damage is caused as a result of the driver of said motor vehicle being under the influence of intoxicating liquor or because of the reckless operation by him of such motor vehicle."

The trial court submitted the question of plaintiff's status to the jury which returned a verdict for plaintiff. Defendant contends the evidence establishes plaintiff was a guest as a matter of law.

As is often the case, the dispute is not over the principles of law, but their application to the facts.  "One who rides in an automobile 'for the definite and tangible benefit of the owner or operator' or 'for the mutual, definite, and tangible benefit of the owner or operator on the one hand, and of himself on the other' is not a guest within the meaning of section 321.494 and he may recover for negligence of the driver. One who claims this statute is not applicable has the burden to prove his status was other than a guest." Winter v. Moore, 255 Iowa 1, 9, 121 N.W.2d 82, 86, and Knutson v. Lurie, 217 Iowa 192, 195, 251 N.W. 147, 149.

"Ordinarily where the only benefits conferred upon the person extending the invitation are those incidental to hospitality, companionship or society, the passenger is held to be a guest. Where the passenger is a social guest or casual invitee he is usually regarded as a guest even though he may contribute something toward the expenses of the journey and may be expected to operate the car on part of the trip. McCornack v. Pickerell, 225 Iowa 1076, 283 N.W. 899; Sullivan v. Harris, 224 Iowa 345, 276 N.W. 88; Vance v. Grohe, 223 Iowa 1109, 274 N.W. 902; Clendenning v. Simerman, 220 Iowa 739, 263 N.W. 248." Doherty v. Edwards, 227 Iowa 1264, 1268, 290 N.W. 672.

" 'Each case must be decided in the light of its own facts; and we think it is always important to ascertain, if possible, what it was that primarily motivated the undertaking.' " Nielsen v. Kohlstedt, 254 Iowa 470, 476, 117 N.W.2d 900, 904. In determining the motivation and intention of the parties, their relationship and all circumstances surrounding the transaction are material. Nielsen v. Kohlstedt, 254 Iowa 470, 476, 117 N.W.2d 900, 904; Knutson v. Lurie, 217 Iowa 192, 198, 251 N.W. 147; Brand v. Rorke, 225 Ark. 309, 280 S.W.2d 906; Ritter v. Dexter, 250 Iowa 830, 95 N.W.2d 280.

In considering whether a verdict should have been directed for defendant, the evidence is to be viewed in the light most favorable to plaintiff. Plaintiff and defendant, both in their forties, had been friends since childhood. Their families had visited in each other's homes and attended the same church. These parties still worked together in church activities. Defendant had never married and lived with her brother and sister on a farm near Mason City. Plaintiff, her husband and three children lived in Mason City. Both were schoolteachers and both needed summer school to renew their certificates. Both planned to attend State College of Iowa during the summer of 1961.

Originally defendant had intended to stay in Cedar Falls during the week, returning home only on weekends. Before the summer school started, however, plaintiff and defendant had arranged to take turns driving and to commute daily between

Mason City and Cedar Falls. Others attending the state college were asked to join them but did not do so. The first week of school plaintiff drove the first three days because her husband needed the car on Thursday and Friday. They had extra passengers to Cedar Falls on Monday and back to Mason City on Friday. With one exception the passengers paid one dollar apiece to the driver of the car. One of the passengers testified that when she asked plaintiff for a ride, she stated she would have to get defendant's permission. On the next Monday two extra persons rode to Cedar Falls with these parties in plaintiff's car. The accident happened on Tuesday, June 27, 1961, as plaintiff and defendant were driving to Cedar Falls in defendant's automobile. One of the passengers testified without objection:

"I am quite positive that Mrs. Livingston and Rachel had an agreement they would be taking turns, one would drive one day and one would drive the other, offsetting the cost that each would have. I mean they would just share in the expenses. Those of us other than Miss Schreckengost and Mrs. Livingston were to pay the one who drove the day we rode, and the standard payment that had been set up by students from Mason City to Cedar Falls and vice versa was a dollar."

The same witness testified that the defendant in response to an inquiry as to how they could drive back and forth every day, "commented that they took turns driving, which gave one of them a rest every other day, and that they seemed to be getting along fine doing it."

This set of facts leads us into the "share the ride cases" identified in the annotation in 146 A. L. R. 640 as those cases "where there was a standing agreement between several persons to share a ride in an automobile owned by one or more of them for a period of some length of time. It does not include those cases where there was only an agreement to share expenses, etc., of a single trip." There was a rash of these cases during World War II when we were asked to share rides to further the war effort.

We have not heretofore determined if such an arrangement takes the passenger out of the guest statute. Haas v. Owens, 248

Iowa 781, 81 N.W.2d 654, involved a cash payment of a share of the expenses for a single trip only. Nielsen v. Kohlstedt, supra, involved transportation of one employee by another to the job, but there was no evidence of a sharing of the expenses or an agreement to exchange rides. The Minnesota Supreme Court considered the Iowa guest statute in the case of Burt v. Richardson, 251 Minn. 335, 87 N.W.2d 833, and held that the sharing of expenses on a long vacation trip took the case out of the guest statute as a matter of law because the driver received a substantial and tangible benefit when he received $46.85 more than his share of the expense.

A great majority of the cases from other jurisdictions which have passed upon this problem have held either that such an arrangement takes the passenger out of the guest statute as a matter of law, Bond v. Sharp, 325 Mich. 460, 39 N.W.2d 37; Kinney v. Kraml Dairy Inc., 20 Ill. App.2d 531, 156 N.E.2d 623; Huebotter v. Follett, 27 Cal.2d 765, 167 P.2d 193; Dennis v. Wood, 357 Mo. 886, 211 S.W.2d 470; Ott v. Perrin, 116 Ind. App. 315, 63 N.E.2d 163; Coerver v. Haab, 23 Wash.2d 481, 161 P.2d 194, 161 A. L. R. 909, or creates a factual issue for jury determination. Kempin v. Mardis, 123 Ind. App. 546, 111 N.E.2d 77; Liberty Mutual Ins. Co. v. Stitzle, 220 Ind. 180, 41 N.E.2d 133; Brand v. Rorke, 225 Ark. 309, 280 S.W.2d 906; Ehrsam v. Borgen, 185 Kan. 776, 347 P.2d 260. Petitions alleging a share-the-ride agreement have been held to state a cause of action on negligence. Sparks v. Getz, 170 Kan. 287, 225 P.2d 106; Lisner v. Faust, 168 Ohio St. 346, 155 N.E.2d 59. See annotations in 146 A. L. R. 640 and 161 A. L. R. 917.

The only case we have found which holds clearly to the contrary is the case of Everett v. Burg, 301 Mich. 734, 4 N.W.2d 63, 146 A. L. R. 639. The Michigan court subsequently, in Bond v. Sharp, 325 Mich. 460, 39 N.W.2d 37, held a similar agreement created a passenger-for-hire relationship as a matter of law. The latter case made no attempt to make a factual distinction, but pointed out that each case must be decided upon its own facts and called attention to the importance of ascertaining the motivation for the arrangement.

The evidence in this case created a factual question as to

the relationship between the parties. It was for the jury to determine whether the business arrangement to save expenses or the companionship of close friends was the primary motive. The close relationship between the parties and the fact that plaintiff might have had stronger reasons for wishing to commute would support a finding that defendant's purpose was primarily social and the saving of the expenses only incidental. On the other hand, the obvious advantage both enjoyed in only driving half the time, together with the additional savings on the cost of meals and room which would have been incurred if they stayed during the week, would support a finding the relationship was primarily one of business and was to the tangible mutual benefit of both parties, thus removing the passenger from the guest statute. We cannot say under this record the arrangement was purely social and the sharing of the expenses incidental, as a matter of law, which we would be required to do to sustain defendant's position.

██ II. Defendant takes strong and detailed exception to the trial court's Instruction No. 7 which reads:

"Your second duty in this case is to find whether or not Rachel Irene Schreckengost and Opal M. Livingston were engaged in a joint enterprise at the time in question.

"The law provides that 'the owner or operator of a motor vehicle shall not be liable for any damage to any passenger or person riding in said motor vehicle as a guest or by invitation.' There are certain exceptions to this law and one of these is when the owner or operator and the passenger are engaged in a joint enterprise. If plaintiff's decedent, Opal M. Livingston, was a guest, he cannot recover, and the burden of proof is upon the plaintiff to establish by a preponderance of the evidence that Opal M. Livingston and Rachel Irene Schreckengost were engaged in a joint enterprise if plaintiff is to recover.

"A passenger in the car of another person is a guest if he is in the car because of hospitality, companionship, or society without making any return therefor or conferring any benefit on the driver other than the mere pleasure of his company.

"A joint enterprise is created between the driver and the

passenger if the trip is for the mutual, definite, and tangible benefit of the owner or operator, on the one hand, and the occupant, on the other hand. If the passenger's riding in the car tends to promote the mutual interests of both himself and the driver and operates for their common benefit or if the trip is primarily for some objective or purpose of the driver, then the passenger and the driver are engaged in a joint enterprise. The benefit accruing to or conferred upon the driver must be a tangible benefit growing out of such relationship, if any, as you find is established by the preponderance of the evidence, between the driver and the passenger.

"If you find by a preponderance of the evidence that Opal M. Livingston and Rachel Irene Schreckengost were engaged in a joint enterprise as defined in these instructions, then you will proceed to determine the other issues in the case in accordance with these instructions. If you fail to so find, then you will proceed no further but return your verdict for the defendant."

Instruction No. 7 was taken almost verbatim from Instruction No. 5.5 of the Iowa Uniform Jury Instructions prepared by the Iowa State Bar Association, except that it omits the last sentence of the second paragraph of the uniform instruction which reads: "He is still regarded as a guest even though he may contribute something toward the expenses of the journey or may provide the gas or oil or may be expected to operate the car on part of the trip."

The uniform instruction is a correct general statement of the Iowa law to be applied in determining the relationship of the passenger to the driver or owner. Defendant's objections, however, point out certain deficiencies in Instruction No. 7 as applied to the facts in this case. The elimination of the last sentence of the second paragraph left the jury with no standard by which to measure a tangible benefit. They might have concluded that the sharing of expenses was such a benefit as would take the passenger out of the guest statute even though the motivation was social rather than business. Nothing was left in the instruction to inform the jury of the law that the sharing of expenses in a social arrangement would not make the passenger other than a guest. While the expenses are not shared for each

individual trip in the share-the-ride cases, the overall arrangement amounts to such an agreement.

"It has been held that, where the principals operate under an arrangement whereby they alternate in carrying each other to work free of charge, thus sharing in effect the cost of their transportation, the rides are not in reality given gratuitously but are paid for in transportation, and the principals are therefore not guests as respects to any ride coming within the arrangement." 60 C. J. S. 1013, Motor Vehicles, section 399(5) note 86(1).

We have stressed in Division I the importance of determining the motivation behind the arrangement between these two persons. If it was motivated by the desire to have each other's company in the trips back and forth, the sharing of expenses by taking turns in furnishing the car would be incidental and the host-guest relationship would still exist. If the primary motivation was to save money and the companionship was incidental, the relationship would be business rather than social and the guest statute would not apply.

"It is a general rule of wide acceptance that the sharing of the cost of operating the car on a trip, when the trip is undertaken for pleasure or social purposes and the invitation is not motivated by, or conditioned on, such contribution, is nothing more than the exchange of social amenities and does not transform into a paying passenger one who without the exchange would be a guest. On the other hand, where the offer of transportation is conditioned on the contribution of the passenger toward the expenses, or where it appears that the agreement for transportation bears one or more of the indicia of a business arrangement, and especially where such arrangement is specifically for transportation, or comprehends a trip of considerable magnitude, or contemplates repeated and more or less regular rides, the person paying for gasoline and oil consumed or other automobile expenses is held to be a passenger and not a guest, and this is true even though the ultimate purpose of the arrangement may be for pleasure. Each case involving the question must be decided on its own facts, and the important factor to

determine is the intent of the parties." 60 C. J. S. 1015, Motor Vehicles, section 399(5).

The instruction does not even refer to motivation or its place in the case. The jury should have been instructed to determine the primary motivation for the arrangement, if possible. They should have been informed of the bearing motivation has upon the status of the passenger. Failure to do so was prejudicial error.

III. Defendant claims the jury should have been instructed specifically that the passenger is presumed to be a guest until it is rebutted by sufficient evidence. This argument is based upon Murray v. Lang, 252 Iowa 260, 266, 267, 106 N.W.2d 643, which is quoted in Nielsen v. Kohlstedt, supra. In that case, after citing authority that the burden is on the passenger to prove he was not a guest we said:

"Thus, in line with our rule of liberal construction of this statute for the protection of 'the owner or operator of a motor vehicle', we have in effect created a presumption, rebuttable, that an occupant riding in a car operated by another person is a guest within the meaning of section 321.494, and has the burden of proving otherwise in an action predicated upon negligence of the operator or owner."

It is evident from this quotation that the main reference is to the burden of proof which in this particular situation is "in effect a presumption, rebuttable." In other words, the defendant is not required to raise the question of the passenger's status as a guest as an affirmative defense. Plaintiff, if a passenger, must prove as part of her main case that she was riding in the car in some relationship other than as a guest. The instruction that the burden of proof was upon the plaintiff was sufficient.

IV. Defendant took exception to that portion of Instruction No. 4 in which the court defined "preponderance of the evidence". The objection was specifically directed to the sentence which reads: "Such preponderance is not always to be determined by the number of witnesses on the respective sides, although it may be thus determined all other things being equal."

Defendant claims that the instruction is "tantamount to telling the jury that it could determine the preponderance or weight of the evidence by the number of witnesses who testified for a party, or in effect that its decision could be made in favor of the party calling the larger number of witnesses, other things being equal." We do not agree.

The court's instruction on preponderance of the evidence is identical with Uniform Jury Instruction No. 1.11. This is a stock instruction which has been used many times by most trial judges. This instruction and Instruction No. 19, in which the jury is told that they are the sole judges of the weight of the evidence and credibility of the witnesses, correctly state the law. The jury was not misinformed or the defendant prejudiced in Instruction No. 4.

For the reasons stated in Division II, the cause is reversed and remanded for new trial.—Reversed and remanded.

All JUSTICES concur except THORNTON, J., who dissents from Division II and the reversal.