PAUL BILBRO, appellee, v. WILLA MAE BILBRO and IRENE NOLAN, appellants.

No. 51319.

(Reported in 128 N.W.2d 282)

500

MAY 5, 1964.

Brown, Dresser, Kinsey & Jolas, of Mason City, for appellants.

James E. Coonley and Lee B. Blum, both of Hampton, and Robins, Davis & Lyons, of Minneapolis, Minnesota, for appellee.

PETERSON, J.—Plaintiff sued defendants, his two sisters, for damages by reason of severe personal injuries suffered when he

was riding with his sisters in an automobile owned by Willa Mae and driven by his sister Irene. The car was driving south on highway 65 in Iowa about four miles south of Hampton. Another car stopped suddenly in front of the Bilbro car and Irene did not have space to stop without striking the car. She turned to the left, thinking she could drive around it, but a car coming from the south struck her head on.

Plaintiff's petition consisted of three counts. In Count I he alleged negligence as against defendants and alleged he was not a guest in the car. In Count II he alleged negligence and included as defendant a man by the name of Lowell Grice, the driver of the car which had stopped suddenly in front of defendant's car. In Count III he alleged the relationship of guest and the presence of recklessness in the driving of the car by defendant. The trial court submitted Counts I and II to the jury, but dismissed Count III. The jury rendered a verdict in favor of plaintiff in the amount of $15,000 against defendants, Willa Mae Bilbro and Irene Nolan, but found in favor of defendant Lowell Grice. Defendants Bilbro and Nolan appealed.

I. Plaintiff, Paul Bilbro, and defendants Irene Nolan and Willa Mae Bilbro are brother and sisters who in October 1960, lived in the same household in Minneapolis, Minnesota. Defendant Nolan and her husband were the landlords and the others were tenants. On October 20, 1960, their grandmother died in Sandhill, Mississippi, and they all wished to attend the funeral. The best car owned by any of them was a 1956 Mercury owned by Willa Mae Bilbro, and it was chosen to make the trip. However, it needed some motor repairs and three new tires in order to be in suitable condition for a long trip. Neither Willa Mae nor Irene had the money for transportation by train or bus to Mississippi nor did they have the money to pay for the new tires and repairs if they drove by auto. Each of the two girls had a small child and they wanted to take the children along. They asked Paul to pay for the tires and the repairs, and he did at an expense of $40.45 for the repairs and $95.05 for the tires. They entered into an agreement that the three of them would pay the operating expenses of the trip in equal shares. The agreement for equally sharing operating expenses was carried

out until the accident happened. Paul paid for the first tank of gas and Irene paid for the second tank just before the crash. The general purport of the arrangement was that Paul would not be repaid for the repairs and tires.

As the car was proceeding south of Hampton, Iowa, Irene was driving. Plaintiff was in the front seat with her, and Willa Mae was asleep in the back seat with the two children.

When the car was approaching a crossroad, about four miles south of Hampton, Lowell Grice, who was driving a car immediately in front of the Nolan car, suddenly stopped. While Irene was not too close she knew she was going about 65 miles per hour and could not stop without striking the Grice car. She saw a car coming north on the left lane, but thought it was far enough away so she could get around the Grice car. However, when she drove into the left lane she collided head on with the northbound car. Plaintiff, Paul Bilbro, suffered painful and permanent injuries and was hospitalized for a long time. The questions of defendant's negligence and plaintiff's freedom from contributory negligence, and plaintiff's injury being the proximate result of defendant's negligence, and also the question as to whether plaintiff was a guest were all submitted to the jury by the trial court and verdict rendered as above stated.

II. As appellants correctly state in their argument the only issue on appeal in this case is whether Paul Bilbro was a guest within the meaning and application of section 321.494, Code of Iowa, commonly known as the Guest Statute.

The section is as follows: "The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire unless damage is caused as a result of the driver of said motor vehicle being under the influence of intoxicating liquor or because of the reckless operation by him of such motor vehicle."

III. Many decisions have been rendered by this court involving the above statute. In several decisions we have said that in each case the question as to whether the passenger is a guest or otherwise depends upon the peculiar and specific facts of each case. However, certain guidelines and rules have been

established throughout the years as precedents, as these cases have come before this court.

As good a general analysis as appears in any of our cases was stated in Thuente v. Hart Motors (1944), 234 Iowa 1294, 1300, 15 N.W.2d 622, 626, where the court said:

" 'In determining who are "guests" within the meaning of automobile guest statutes, the enactments should not be extended beyond the correction of the evils which induced their enactment.

" 'One important element in determining whether a person is a guest within the meaning and limitations of such statutes is the identity of the person or persons advantaged by the carriage. If, in its direct operation, it confers a benefit only on the person to whom the ride is given, and no benefits, other than such as are incidental to hospitality, companionship, or the like, upon the person extending the invitation, the passenger is a guest within the statutes; but, if his carriage tends to the promotion of mutual interests of both himself and the driver and operates for their common benefit or if it is primarily for the attainment of some objective or purpose of the operator, he is not a guest within the meaning of such enactments'."

In the above case we held plaintiff was not a guest while riding on defendant's truck as both men were engaged in a patriotic community project to aid the war effort by picking up scrap metal. We held the trip was not a "social or gratuitous one" such as contemplated under the statute.

In the late case (1962) of Bodaken v. Logan, 254 Iowa 230, 117 N.W.2d 470, the defendant, Carla Logan, called at plaintiff's home and said she was desirous of going to Sioux City to pick out a uniform. She expressed her desire to have plaintiff help her pick out the uniform. On said basis the two girls started for Sioux City. The accident occurred before they reached there. The question in the case was whether or not plaintiff was a guest. We again analyzed the matter of the guest statute in the substance as above quoted, and approved submission of the guest question to the jury, as in the case at bar.

In Bookhart v. Greenlease-Lied Motor Co., 215 Iowa 8, 15, 244 N.W. 721, 82 A. L. R. 1359, the question was whether the passenger in the car was a guest. A salesman had invited a

prospective buyer of an automobile into the car to observe its performance. In the course of the demonstration a collision occurred and Mr. Bookhart was seriously injured. The question was whether under such conditions he was a guest or a passenger who would not be entitled to be called a guest. In the decision we stated:

"A prospective buyer of an automobile, who at the invitation of the salesman accepts a ride therein as a part of the examination thereof, for the sole purpose of ascertaining whether it complies with his requirements, is not riding therein as a matter of hospitality—as a mere gratuity—but is rendering value received for his transportation. * * * Therefore, within the meaning of the statute, the plaintiff was not a guest, but was a passenger for hire."

The court submitted the case to the jury on the theory of negligence, but not on the theory of recklessness, thereby holding plaintiff was not a guest.

In Knutson v. Lurie, 217 Iowa 192, 195, 201, 251 N.W. 147, it was held to be a question for the jury as to whether or not a domestic servant riding in the car with her employers was a guest. She asked to stop downtown to obtain some shoes for herself. In the decision we said:

"Such person may be in the automobile * * * for the mutual, definite, and tangible benefit of the owner or operator on the one hand, and of himself on the other. * * * it is said by the appellants that the trip for the shoes was only to accommodate the maid, Orvilla. No benefit, it is said, was received from the trip by the Luries."

The question of whether the maid was a guest was submitted to the jury, as the trial court did in the case at bar.

In Stenberg v. Buckley, 245 Iowa 622, 61 N.W.2d 452, plaintiff's decedent was riding in a car owned and operated by defendant, the chairman of a lodge food committee. Defendant was being paid for preparing and furnishing the food. We held plaintiff's decedent was not a guest since at the time of the accident the trip was for the benefit of defendant or at least the mutual benefit of both in the performance of their duties as members of the food committee of the lodge.

In the South Dakota case of Kleinhesselink v. Porterfield, 76 S. D. 577, 584, 585, 83 N.W.2d 191, 195, 196, a father drove his son from Iowa to a South Dakota market, for advice in buying cattle. The father bought no cattle, but the son did buy some cattle for himself. On the return trip the son was injured. The court said: "The transportation having been motivated by a desire on the part of the father for the benefit of the son's judgment in selecting and buying cattle, and the son having entered the car for that purpose, proof that they entered into a contract with reference thereto was not essential to a conclusion that the guest statute was inapplicable."

With reference to the contention that because the two were close and affectionate companions this was the motivating reason for the trip, the decision states:

"Reason impels the conclusion that such sociability as added to the pleasure of their mission was but incidental to its primary purpose."

In our very recent case of Livingston v. Schreckengost, 255 Iowa 1102, 125 N.W.2d 126, the parties had an agreement with reference to riding together back and forth to Cedar Falls for summer school. They took turns driving. Plaintiff claims his decedent was not a guest, whereas defendant alleged otherwise as to her decedent. The jury rendered verdict for plaintiff. We reversed. As to the guest question we said (page 1108 of 255 Iowa): "We cannot say under this record the arrangement was purely social and the sharing of the expenses incidental, as a matter of law, which we would be required to do to sustain defendant's position." In other words the status situation of plaintiff's decedent should be submitted to the jury, as it was in the instant case.

See also 60 C. J. S., Motor Vehicles, section 399, page 1008; 5A Am. Jur., Automobiles and Highway Traffic, section 514, page 552.

IV. In the case at bar the record discloses without conflict that on condition of plaintiff paying for repairs and tires they would all go to Mississippi in defendant Nolan's car. The principal argument by appellant's counsel is that plaintiff had only made a gift to his sisters of repair of the car and furnishing

three new tires. The difficulty with this position is that the record does not support it. The testimony shows the parties could not make the trip to the grandmother's funeral **unless the** car was repaired and new tires were secured. Plaintiff said if they would make the trip he would repair the car and buy the tires, which he did. We do not hold as a matter of law plaintiff was not a guest, but we hold the testimony was such that the trial court properly submitted the question to the jury, and the jury decided plaintiff was not a guest.

The judgment of the trial court upon the verdict of the jury is affirmed.—Affirmed.

. All JUSTICES concur.