CLARENCE MORROW, appellant, v. ROBERT REDD, appellee.

No. 51056.

(Reported in 131 N.W.2d 761)

DECEMBER 15, 1964.

Joseph L. Phelan, of Fort Madison, for appellant.

Johnson & Phelan, of Fort Madison, for appellee.

LARSON, J.—The sole issue raised in this appeal is quite familiar. Was the evidence sufficient to generate a jury question on the status of plaintiff as a passenger for hire? We shall refer only to such evidence as may be germane to that issue. Of course, under the rule, this evidence must be viewed in the light most favorable to plaintiff.

Plaintiff, a 40-year-old laborer residing in Fort Madison, Iowa, met defendant, 29, also a resident of Fort Madison, at a tavern in that city on the afternoon of September 2, 1961. Plaintiff asked defendant to take him to Burlington some 15 miles

away. He testified defendant told him " 'If you will pay for the trip *and* buy the gasoline' ", he would do so. (Emphasis supplied.) Plaintiff also testified that as they were leaving Fort Madison for Burlington "We stopped at a gas station on the corner of 6th right across from the Fort Lot, a Mr. Carroll's Station, and I bought $2.00 worth of gas. I gave him [defendant] $2.00 for the trip and bought us a package of cigarettes apiece."

As they left Fort Madison on Highway 61 and approached a curve known as the Country Club Curve, defendant lost control of his car which skidded about 216 feet before hitting a highline pole. The car was demolished and plaintiff was seriously injured. Plaintiff testified he had complained of excessive speed, in a 45-mile-an-hour zone, which he said reached 85 miles per hour just before the accident. The details of the accident need not be related in view of the fact that the only evidentiary question present in this appeal is the application of the Iowa guest statute, section 321.494, Code of Iowa, 1962, which provides: "The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation *and not for hire* unless damage is caused as a result of the driver of said motor vehicle being under the influence of intoxicating liquor or because of the reckless operation by him of such motor vehicle." (Emphasis supplied.)

Plaintiff's petition was in several counts, but our concern here is with only Counts I and II. The court found substantial evidence of reckless operation by defendant and submitted Count I alleging plaintiff was a guest. The court did not submit the question of plaintiff's status to the jury, but in effect held the evidence as to his status as a passenger for hire was insufficient to submit by dismissing Count II alleging defendant's negligent operation of his vehicle.

It is plaintiff's contention that the evidence was sufficient to require submission of Count II to the jury, and that it at least generated a jury question as to plaintiff's status which required the court to submit the issue to the jury.

In overruling plaintiff's motion for a new trial on the ground that the evidence showed he contracted and paid defendant for a ride to Burlington, the court considered the circumstances

showed no more than a share-the-gasoline-expense arrangement and said this would "not take a person out from under the Guest Statute", citing Haas v. Owens, 248 Iowa 781, 81 N.W.2d 654. In other words, the trial court held as a matter of law that plaintiff had failed to carry his burden to produce sufficient evidence to overcome his presumed status as a guest. We cannot agree.

■ I. As we have said many times, the dispute in such matters is not over the principles of law, but as to their application to the facts. It is well settled that one who rides in an automobile for the definite and tangible benefit of the owner or operator or for the mutual, definite and tangible benefit of the owner or operator on one hand and of himself on the other is not a guest within the meaning of the guest statute, section 321.494, and he may recover for negligence of the driver. Livingston v. Schreckengost, 255 Iowa 1102, 125 N.W.2d 126; Reeves v. Beekman, 256 Iowa 263, 267, 127 N.W.2d 95, 97; Nielsen v. Kohlstedt, 254 Iowa 470, 474, 117 N.W.2d 900, and citations; Knutson v. Lurie, 217 Iowa 192, 195, 251 N.W. 147, 149.

■ II. It is, of course, true that each case must be decided in the light of its own facts. Among the items to be ascertained, if possible, is what primarily motivated the undertaking. Nielsen v. Kohlstedt, supra. To make that determination, evidence of the intention of the parties, their relationship, as well as the circumstances surrounding the transaction, is material. Livingston v. Schreckengost, supra; Ritter v. Dexter, 250 Iowa 830, 95 N.W.2d 280; Knutson v. Lurie, supra, 217 Iowa 192, 198, 251 N.W. 147; Bilbro v. Bilbro, 256 Iowa 499, 502, 128 N.W.2d 282, 283. Other important items to consider are as to who instigated the trip, its extent, and who was to pay the expense thereof.

■■ .III. It is also true that we have in effect created a presumption, rebuttable, that an occupant riding in a car operated by another is a guest within the meaning of our guest statute, and placed upon the one contending otherwise the burden of proving same. Murray v. Lang, 252 Iowa 260, 266, 267, 106 N.W.2d 643, 647. Furthermore, we have said: "Such benefits to the operator or owner as are incidental to hospitality, social relations, companionship or the like are not definite and tangible benefits as are contemplated by the statute." Reeves v. Beekman, 256 Iowa 263, 267, 127 N.W.2d 95, 98, and citations.

■ ■ IV. Plaintiff was the instigator of this trip. He asked defendant to take him to Burlington. We take judicial notice of the fact that this distance does not exceed 15 or 20 miles. Although plaintiff did not disclose his purpose in making such a trip, defendant said: "We had no real purpose—maybe to get some women." It is clear, however, that defendant agreed to take plaintiff to Burlington *if* he would "pay for the trip and buy the gasoline." Defendant does not deny that plaintiff paid $2.00 for gasoline placed in his car .before the trip was commenced and bought him a package of cigarettes.

Plaintiff contends the evidence reveals that he paid defendant an additional $2.00 for the trip. The record on this point is not clear, but as defendant avoided reference to compensation in his cross-examination, we think the jury might find there was in fact an additional two-dollar payment. If so found, a conclusion would be justified that the compensation was more than nominal and that it sustains plaintiff's claim that he was a passenger for hire.

Defendant contends his benefit, if any, was social, and that plus a nominal rider's contribution was all the benefit he received. True, if that were so, plaintiff would fail to show he was not a guest under our holding in Haas v. Owens, supra, 248 Iowa 781, 784, 81 N.W.2d 654. However, we are satisfied there was substantial evidence tending to show more than a mere social benefit to the defendant. While we are not to be understood as saying that by furnishing $2.00 worth of gasoline a substantial showing of a passenger-for-hire arrangement is made, we believe other elements, such as the shortness of the trip, the original request of the plaintiff, the question of additional compensation, as well as the other circumstances surrounding the arrangement, could be considered by the jury in resolving the issue of hire or sufficiency of tangible benefits to the operator. Since the jury could find plaintiff was a passenger for hire, the issue of negligence raised in plaintiff's Count II should have been submitted to it.

V. We have considered the problem in several recent cases, the latest being Bilbro v. Bilbro, 256 Iowa 499, 128 N.W.2d 282, where we said there was a jury question as to whether a passen-

ger who was riding in an automobile owned by one sister and driven by another, pursuant to an agreement that all three would share expenses while traveling from Minnesota to Mississippi to attend their grandmother's funeral, was a guest. The rider had also expended money prior to the trip for repairs and tires so the automobile could be used on the trip, and was injured when the car was involved in an accident en route to Mississippi. Therein we review many of our previous cases including Thuente v. Hart Motors, 234 Iowa 1294, 15 N.W.2d 622; Bodaken v. Logan, 254 Iowa 230, 117 N.W.2d 470; Bookhart v. Greenlease-Lied Motor Co., 215 Iowa 8, 244 N.W. 721, 82 A. L. R. 1359; Knutson v. Lurie, supra, 217 Iowa 192, 251 N.W. 147; Stenberg v. Buckley, 245 Iowa 622, 61 N.W.2d 452; and Livingston v. Schreckengost, 255 Iowa 1102, 1108, 125 N.W.2d 126; as well as a South Dakota case of Kleinhesselink v. Porterfield, 76 S. D. 577, 83 N.W.2d 191. We will not repeat that review here. The substance of their holdings as set out in the Schreckengost case, applicable here, is stated thusly: "We cannot say under this record the arrangement was purely social and the sharing of the expenses incidental, as a matter of law * * *." Also see 60 C. J. S., Motor Vehicles, section ·399, page 1008; 5A Am. Jur., Automobiles and Highway Traffic, section 514, page 552. In Reeves v. Beekman, supra, 256 Iowa 263, 268, 127 N.W.2d 95, 98, we again review cases pertaining to definite and tangible benefits to the operator calling for jury determination, including Ritter v. Dexter, 250 Iowa 830, 95 N.W.2d 280.

Appellee places his reliance upon Haas v. Owens, supra, 248 Iowa 781, 81 N.W.2d 654, where plaintiff sustained injuries while riding as a passenger in defendant's automobile. It appeared they and two other nurses were traveling from Dubuque to Des Moines to attend a workshop conducted by the nursing association. There, while plaintiff had offered to pay her share of the gasoline bill, it did not appear there was any definite and tangible benefit to defendant from her presence in the car other than that of companionship. A payment to defendant of seventy-five cents, we held, was not such a substantial or tangible benefit as contemplated by the guest statute, and that as a matter of law the plaintiff was a guest. It appeared the seventy-five cents was

a four-way split, that since defendant was going to Des Moines regardless of her passengers, such a nominal payment made to defendant was not sufficient to invoke the exception to the statute, or to submit the question of "invitee for hire" to the jury. Thuente v. Hart Motors, supra. The case is not too helpful, for here we have a trip requested by plaintiff and the amount of compensation at issue. The jury could find companionship no tangible and definite benefit to defendant, and still find the amount of the payment so far in excess of a nominal contribution for expenses that plaintiff would not be a guest but a passenger for hire.

VI.   We pointed out in the case of Livingston v. Schreckengost, 255 Iowa 1102, 1107, 125 N.W.2d 126, 129, a great majority of the cases from other jurisdictions which have passed upon this problem have held either that such an arrangement takes the passenger out of the guest statute as a matter of law, or creates a factual issue for jury determination, citing many cases as to each. See also annotations in 146 A. L. R. 640 and 161 A. L. R. 917.

In the Schreckengost case we held evidence that teachers attending college by commuting, taking turns driving daily, raised a jury question of whether the arrangement was primarily social and the saving of expenses incidental, or whether the relationship was primarily one of business.

██   VII.   One other assigned error should be considered here in view of a remand for trial under plaintiff's Count II. Although appellee concedes in his brief and argument that evidence of a plea of guilty in a justice of the peace court to a charge of failure to have his vehicle under control, filed as a result of this accident, would have been admissible in a trial as to Count II as an admission against interest, we direct attention to our recent consideration of this question in the case of Book v. Datema, 256 Iowa 1330, 131 N.W.2d 470. There we held such evidence was admissible as substantive proof of negligence as well as for impeachment purposes on cross-examination, and was not inadmissible under section 321.489, Code, 1962.

Appellant does not seem to question the court's ruling that such evidence was not admissible as to Count I on recklessness, but contends the plea of guilty to a charge of failure to have his

car under control was admissible when offered, because Count II had not yet been dismissed. While we do not find this an occasion to pass on the question as to whether such a plea is admissible in a civil case alleging reckless operation of a motor vehicle, we are satisfied it was admissible under the allegation of negligent operation here.

The cause must be remanded for a new trial on Count II.— Reversed and remanded.

All JUSTICES concur.