Steven R. HARDY and Debra A. Hardy, Appellants,

v.

Paul RYNELL and Conrad Rynell, Appellees.

Donald M. PROCTOR and Janet Proctor, Appellants,

v.

Paul RYNELL and Conrad Rynell, Appellees.

No. 59640.

Supreme Court of Iowa.

Aug. 29, 1979.

REYNOLDSON, Chief Justice.

In these motor vehicle guest statute cases consolidated for trial, the fighting issue arises out of trial court's jury instruction on guest status and joint enterprise. Plaintiffs appeal from judgments for defendants. We affirm.

In September, 1972, five men, including plaintiffs Hardy and Proctor and defendant Paul Rynell, left Burlington to go hunting in Saskatchewan, Canada. They traveled in a pickup camper belonging to defendant Conrad Rynell, Paul's father. While Paul Rynell was driving the truck in South Dakota it left the road and rolled, injuring Hardy and Proctor. Paul later testified the accident was caused by a sudden guest of wind which struck the pickup while he was adjusting the radio.

Hardy and Proctor, together with their respective wives, filed separate damage claims. They sought to avoid the guest statute by alleging the trip was a joint enterprise with all five participants contributing a "proportionate share of the proposed expenses and assisting in the operation, driving and direction" of the truck as well as contributing to the owner for its maintenance and upkeep. Defendants admitted all five hunters agreed to share equally the driving and operating expenses of the truck. Other evidence material at trial has no bearing on the resolution of the issue before us.

The jury could have found Paul Rynell was not negligent, or it could have found Hardy and Proctor were guests. Because we do not know on which ground the jury found for defendants we must reverse if the jury instruction complained of was wrong.

After exceptions and discussion with counsel, followed by revision, trial court ultimately gave instruction number ten:

The law provides that "the owner or operator of a motor vehicle shall not be liable for any damage to any passenger or person riding in said motor vehicle as a guest or by invitation." There are certain exceptions to this law and one of these is when the owner or operator and

William Bauer of Dailey, Dailey, Ruther, Bauer & Schulte, Burlington, for appellants.

John G. Link of Hirsch, Link, Adams, Hoth & Krekel, Burlington, for appellees.

Considered by REYNOLDSON, C. J., and UHLENHOPP, HARRIS, McCORMICK, and LARSON, JJ.

the passenger are engaged in a joint enterprise. If the plaintiffs were a guest [*sic*], they cannot recover, and the burden of proof is upon the plaintiffs to establish by a preponderance of the evidence that they and the defendants [*sic*, Paul Rynell] were engaged in a joint enterprise if they are to recover.

A passenger in the car of another person is a guest if he is in the car because of hospitality, companionship, or society without making any return therefor or conferring any benefit on the driver other than the mere pleasure of his company. He is still regarded as a guest even though he may contribute something toward the expenses of the journey or may provide the gas and oil or may be expected to operate the car on a part of the trip.

A joint enterprise is created between the driver and the passenger if the trip is for the mutual, definite, and tangible benefit of the owner or operator, on the one hand, and the occupant, on the other hand. If the passenger's riding in the car tends to promote the mutual interests of both himself and the driver and operates for their common benefit or if the trip is primarily for some objective or purpose of the driver, then the passenger and the driver are engaged in a joint enterprise. The benefit accruing to or conferred upon the driver must be a tangible benefit growing out of such relationship, if any, as you find is established by the preponderance of the evidence, between the driver and the passenger.

In determining whether plaintiffs Steven R. Hardy and Donald M. Proctor were engaged in a joint venture with the defendant Paul Rynell, you must determine, if possible, what motivated the hunting trip. Was the trip motivated by a business arrangement to obtain game and the pleasure of the hunt at the least possible cost, or was companionship and society amoung [*sic*] persons with a common interest in hunting the primary motivating factor? If you find the trip motivated by the former, such a conclusion would be indicative of joint venture. If you find the trip motivated by the latter,

such conclusion would be indicative of a guest relationship.

If you find by a preponderance of the evidence that the plaintiffs and defendant, Paul Rynell, were engaged in a joint enterprise as defined in these instructions, then you will proceed to determine the other issues in the case in accordance with these instructions. If you fail to so find, then you will proceed no further but return your verdict for the defendants.

Although plaintiffs' preserved exceptions to the instruction were obscure, we believe the exception relating to the last sentence in the second paragraph, coupled with plaintiffs' requested instruction, was sufficient to apprise trial court of the ground for plaintiffs' complaints. Plaintiffs insist the sentence objected to "excluded from the jury's consideration in determining whether the Plaintiffs were passengers or guests whether they may be expected to pay for gas and oil and may be expected to operate the car on a part of the trip."

As originally submitted to counsel by the court, instruction ten followed Uniform Jury Instruction 5.5. The fourth paragraph was supplied with counsel's approval before the instruction was read to the jury. Even then trial court expressed some dissatisfaction with the overall instruction.

Uniform Jury Instruction 5.5 was approved by this court in *Livingston v. Schreckengost*, 255 Iowa 1102, 1109, 125 N.W.2d 126, 130 (1963), as "a correct general statement of the Iowa law to be applied in determining the relationship of the passenger to the driver or owner." In *Livingston* trial court eliminated the same sentence in the second paragraph to which these plaintiffs took exception. We criticized this deletion, stating:

> The elimination of the last sentence of the second paragraph left the jury with no standard by which to measure a tangible benefit. They might have concluded that the sharing of expenses was such a benefit as would take the passenger out of the guest statute even though the motivation was social rather than business.

Nothing was left in the instruction to inform the jury of the law that the sharing of expenses in a social arrangement would not make the passenger other than a guest.

*Id.*

Taken as a whole, instruction ten successfully conveys to the jury the necessity of ascertaining the primary motivation behind the association of the persons in the motor vehicle. Our decisions demonstrate this is essential in resolving the status of the passenger.

In *Bilbro v. Bilbro,* 256 Iowa 499, 128 N.W.2d 282 (1964), this court affirmed a jury verdict for a plaintiff injured while riding in a car owned by one of his sisters and driven by another sister. Plaintiff paid for repairs, new tires, and shared operating expenses with defendants on a trip from Minneapolis to Mississippi to attend a funeral. In concluding plaintiff's status was a jury question, we approved this treatise excerpt appearing in *Thuente v. Hart Motors,* 234 Iowa 1294, 1300–01, 15 N.W.2d 622, 626 (1944):

> One important element in determining whether a person is a guest within the meaning and limitations of such statutes is the identity of the person or persons advantaged by the carriage. If, in its direct operation, it confers a benefit only on the person to whom the ride is given, and no benefits, other than such as are incidental to hospitality, companionship, or the like, upon the person extending the invitation, the passenger is a guest within the statutes; but, if his carriage tends to the promotion of mutual interests of both himself and the driver and operates for their common benefit or if it is primarily for the attainment of some objective or purpose of the operator, he is not a guest within the meaning of such enactments.

*Bilbro,* 256 Iowa at 503, 128 N.W.2d at 283–84 (quoting 4 *Blashfield's Cyclopedia of Automobile Law & Practice* § 2292 (1927)). *Accord,* 5 *Blashfield Automobile Law & Practice* § 212.13 (3d ed. F. Lewis 1966).

In *Morrow v. Redd,* 257 Iowa 151, 131 N.W.2d 761 (1964), trial court refused to submit the plaintiff's negligence claim, holding he was a guest as a matter of law. We reversed. As in *Livingston,* this court acknowledged the need to ascertain the primary motive for the undertaking. The court noted that if the only benefit to defendant was social, plaintiff's contribution for gas would not remove his guest status. 257 Iowa at 155, 131 N.W.2d at 764. *See also Jackson v. Brown,* 164 N.W.2d 824, 828 (Iowa 1969); *In re Estate of Ronfeldt,* 261 Iowa 12, 20, 152 N.W.2d 837, 842 (1967).

We think the second paragraph of instruction ten could be improved, but in viewing the instruction as a whole we find there was no reversible error. That an instruction might be worded better does not make it bad. *Osterfoss v. Illinois Central Railroad,* 215 N.W.2d 233, 235 (Iowa 1974). In instruction ten the first sentence in the second paragraph defines guest. The second sentence links with it and indicates that sharing expenses or driving does not, by itself, avoid the guest status. *Livingston* held this concept was an indispensable element of such an instruction.

The sentence under scrutiny would be less confusing if it were revised to state: "If the primary motivation for the association of the passenger and driver is hospitality, companionship or society, the passenger may still be regarded as a guest even though he or she may contribute something toward the expenses of the journey or may provide the gas and oil or may be expected to operate the car on a part of the trip." The overall instruction would be further improved if in that portion describing joint enterprise the jury were told that sharing expenses is often an indicia of that relationship. In the instant case this concept is implied in the fourth paragraph added to the substance of Uniform Jury Instruction 5.5.

We find no reversible error. The judgments of trial court are affirmed.

AFFIRMED.