DIANE BODAKEN, a minor, by GEORGE BODAKEN, her father and next friend, appellee, v. GARTH E. LOGAN and CARLA M. STEFFEN LOGAN, appellants.

No. 50697.

(Reported in 117 N.W.2d 470)

October 16, 1962.

Mack, Mack & Hansen, of Storm Lake, for appellants.

Pendleton & Pendleton, of Storm Lake, for appellee.

Moore, J.—There is but one question for us to determine—whether the evidence created a jury question on plaintiff's contention she was a passenger and not a guest when injured while riding in the car owned by defendant Garth E. Logan, driven with his consent by defendant Carla M. Steffen Logan.

The trial court overruled defendants' motions for directed verdict made at the close of plaintiff's evidence and renewed at the close of all the evidence. The case was submitted to the jury on the necessary elements of a negligence case, including carefully prepared instructions on the passenger or guest issue. After overruling defendants' motion for judgment notwithstanding the verdict, judgment was entered against defendants on the $4000 jury verdict in favor of plaintiff. Defendants have appealed.

Defendants contend section 321.494, Iowa Code, is applicable and bars any recovery by plaintiff. It provides:

"Guest statute. The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person

riding in said motor vehicle as a guest or by invitation and not for hire unless damage is caused as a result of the driver of said motor vehicle being under the influence of intoxicating liquor or because of the reckless operation by him of such motor vehicle."

In considering the propriety of a directed verdict for defendants the court gives plaintiff's evidence the most favorable construction it will reasonably bear. Rule 344(f)2, Rules of Civil Procedure, adopted September 17, 1962.

Applying this rule, the evidence is that about one week prior to June 6, 1960, Carla Steffen Logan (unmarried at the time) and plaintiff were with a group of girls. Carla stated to plaintiff she could get her boy friend's car and wanted to go to Sioux City to pick out some uniforms. Plaintiff did not recall her answer, if any. On June 6 Carla came to plaintiff's place of employment, in Storm Lake, and said she had her boy friend's car and would like plaintiff to go with her to Sioux City to help her pick out uniforms. Plaintiff did not give Carla a definite answer but said she would discuss it with her employer. Plaintiff called Carla later, got off work early, went home for a quick change and the two girls started for Sioux City. The accident occurred before they reached there. Plaintiff had not asked to be taken to Sioux City and had no intentions of looking for anything. She had no money. Plaintiff was not going on a pleasure trip. Carla planned to attend Northwest Medical School of Technology and understood it would require special uniforms. Plaintiff had no special training as to types of uniforms but did know the type worn in medical technology school.

Carla and plaintiff attended the same high school, were friends, but did not run around together. After high school Carla went away to school. Plaintiff remained in Storm Lake. In May or earlier Carla returned. Prior to June 6 the girls were together two or three times but on no shopping trips. One evening they went to Spencer—just riding around.

The general principles usually applied in defining a guest under the various guest statutes are thus stated in 4 Blashfield, Cyclopedia of Automobile Law and Practice, Perm. Ed., section 2292, to wit:

"In determining who are 'guests' within the meaning of automobile guest statutes, the enactments should not be extended beyond the correction of the evils which induced their enactment.

"They were designed to relieve the harshness of the common-law rule which requires the exercise of ordinary care even to a recipient of the driver's kindness and hospitality. In construing such statutes their terms are not always to be taken in their literal sense, and the court will consider not only the ordinarily accepted meaning of the words used, but also such interpretation as may have been applied to them under common-law or similar statutes. * * *

"One important element in determining whether a person is a guest within the meaning and limitations of such statutes is the identity of the person or persons advantaged by the carriage. If, in its direct operation, it confers a benefit only on the person to whom the ride is given, and no benefits, other than such as are incidental to hospitality, companionship, or the like, upon the person extending the invitation, the passenger is a guest within the statutes; but, if his carriage tends to the promotion of mutual interests of both himself and the driver and operates for their common benefit or if it is primarily for the attainment of some objective or purpose of the operator, he is not a guest within the meaning of such enactments."

See also 5A Am. Jur., Automobiles and Highway Traffic, section 514, page 552; 60 C. J. S., Motor Vehicles, section 399, page 1008.

We have recognized and applied these general principles. In Bookhart v. Greenlease-Lied Motor Co., 215 Iowa 8, 244 N.W. 721, 82 A. L. R. 1359, a prospective buyer of an automobile, who on invitation from a salesman entered the car to observe its performance, was held not to be a guest. In Thompson v. Farrand, 217 Iowa 160, 165, 251 N.W. 44, a lawyer's client who went with him on a trip to Ottumwa, stopping off at Pella to attend to some business, was held not to be a guest. In Knutson v. Lurie, 217 Iowa 192, 251 N.W. 147, we held it was a disputed question of fact for the jury to determine whether a domestic servant was riding in her employer's car as a guest or a servant. In Porter v. Decker, 222 Iowa 1109, 1111, 270 N.W. 897, we held it was a jury question whether a young man who accom-

panied a truck driver on a trip to Omaha was to perform acts of assistance in loading and unloading the truck so as to obviate the guest statute. In Wittrock v. Newcom, 224 Iowa 925, 930, 277 N.W. 286, we held a young lady's presence in an automobile demonstrator with the salesman and a prospect was sufficiently identified with the attempt to sell the car so she was not a guest. In Doherty v. Edwards, 227 Iowa 1264, 1269, 290 N.W. 672, we held that, where a representative of the FRA took a borrower in his car to arrange for some money for feed, the borrower was not a guest. In Mitchell v. Heaton, 231 Iowa 269, 276, 1 N.W.2d 284, 138 A. L. R. 832, we held a friend of a prospective purchaser who accompanied the two negotiating parties was in the car for the benefit of both parties to the negotiations and was not a guest. In Thuente v. Hart Motors, 234 Iowa 1294, 15 N.W.2d 622, we held plaintiff was not a guest while riding on defendant's truck as both were engaged in a patriotic, community project to aid the war effort by picking up scrap metal. We held the trip was not "a social or gratuitous one" such as contemplated by section 321.494. In Stenberg v. Buckley, 245 Iowa 622, 61 N.W.2d 452, plaintiff's decedent was riding in a car owned and operated by defendant, the chairman of a lodge food committee. Defendant was being paid for preparing and furnishing the food. We held plaintiff's decedent was not a guest within the meaning of section 321.494 since at the time of the accident the trip was for the definite and tangible benefit of defendant, or, at least, the mutual benefit of both in the performance of their duties as members of the food committee.

The trial court's rulings were based primarily on our holding in Ritter v. Dexter, 250 Iowa 830, 836, 837, 95 N.W.2d 280, 283, 284. We there held the evidence that Ritter took a ride to a nearby town in the Dexter automobile at the request of his friend Dexter Jr. to help the latter look for stolen fender skirts was sufficient to make the issue that Ritter was not a guest one of fact.

In Ritter v. Dexter, supra, we said:

"In Kleinhesselink v. Porterfield, 76 S. D. 577, 584, 585, 83 N.W.2d 191, 195, 196, a father drove his son from Iowa to a South Dakota cattle market, for advice in buying cattle. The

father bought no cattle but the son did buy some for himself. On the return trip the son was injured. The decision states:

" 'The transportation having been motivated by a desire on the part of the father for the benefit of the son's judgment in selecting and buying cattle, and the son having entered the car for that purpose, proof that they entered into a contract with reference thereto was not essential to a conclusion that the guest statute was inapplicable.'

"With reference to the contention that because the two were close and affectionate companions this was the motivating reason for the trip, the decision states:

" 'Reason impels the conclusion that such sociability as added to the pleasure of their mission was but incidental to its primary purpose.' "

■ We are committed to the rule that one who rides in an automobile "for the definite and tangible benefit of the owner or operator" is not a guest and recovery for injuries suffered by such rider may be based upon the negligence of the operator. Knutson v. Lurie, 217 Iowa 192, 251 N.W. 147; Thuente v. Hart Motors, 234 Iowa 1294, 15 N.W.2d 622; Stenberg v. Buckley, 245 Iowa 622, 61 N.W.2d 452; and Ritter v. Dexter, 250 Iowa 830, 95 N.W.2d 280.

■ We hold plaintiff's evidence was sufficient to make plaintiff's contention, that she was a passenger and not a guest, one of fact for the jury.—Affirmed.

All JUSTICES concur.