CARROLL, DONALD K., Chief Judge.
The plaintiff in an automobile collision case has appealed from a final judgment entered by -the Circuit Court for Escambia County based upon a jury verdict in favor of one of the defendants, the appellee herein.
In her brief the appellant submits that, after all the issues are boiled down, the “only important question” involved in this appeal is whether she was a guest under the Florida Guest Statute.
The material facts pertinent to this inquiry as shown in the evidence at the trial are as follows:
The defendant-appellee, Mrs. Mildred Kil-linger, was the owner and operator of the automobile in which the plaintiff-appellant was riding at the time of the collision. A few weeks before the accident Mrs. Kil-linger’s daughter-in-law had given birth to a daughter, and the plaintiff, who lived six miles away, had been employed by the daughter-in-law to help the latter with the housework and the care of the child, with the understanding that the plaintiff would be furnished transportation to and from her work. Mrs. Killinger took the plaintiff to work most mornings and also, during the *126 first few days of the employment, generally took her home in the afternoons, although afterwards the daughter-in-law took the plaintiff to her home most afternoons. The collision involved in this case occurred about four weeks after the plaintiff started to work. On that occasion the plaintiff was riding in an automobile owned and operated by Mrs. Killinger. The latter received no compensation for taking the plaintiff to work. At the time of the collision Mrs. Killinger was carrying some clothes in the back of her car that she “was going to ask my daughter-in-law if Jeanett could press for me that day.”
At an unmarked intersection in the City of Pensacola Mrs. Killinger’s automobile collided with an automobile being driven by one David N. Dillard, resulting in injuries to the plaintiff.
The appellant then filed this action for damages against Mrs. Killinger and Dillard as well as against a corporation, which was later dismissed as a party defendant. In her answer to the complaint, Mrs. Killinger denied the alleged negligence and invoked the Florida Guest Statute as a further defense.
During the trial the court instructed the jury generally as to the burden of proof under the Guest Statute, and further that in order for the plaintiff to recover from Mrs. Killinger, the evidence would have to show some benefit passing to the latter as a result of the trip, and .refused to give an instruction requested by the plaintiff that she was entitled to recover against Mrs. Kil-linger upon proof of simple negligence. The appellant in her brief states that the validity of these two actions constitutes the question involved on this appeal.
The jury returned a verdict against Dillard, who is not a party to this appeal, and a verdict in favor of Mrs. Killinger.
The plaintiff then filed a motion for a new trial and a motion for a judgment notwithstanding the verdict, which motions were denied by the court. This appeal was taken from the judgment entered in favor of Mrs Killinger.
The prime contention of the appellant, then, is that, as a matter of law, she was not a guest within the meaning of the Florida Guest Statute and hence was not required to prove gross negligence in order to recover against Mrs. Killinger. More specifically, the appellant contends that Mrs. Killinger was driving the automobile as the agent of her daughter-in-law, who received a benefit from the transportation, and hence the appellant was not a guest under the Guest Statute. We are thus called upon to construe and apply that statute to the factual situation presented on this appeal.
The Florida Guest Statute (Section 320.S9, Florida Statutes, F.S.A.) provides as follows:
“320.59 Liability to guest or passenger. No person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such gross negligence or willful and wanton misconduct was the proximate cause of the injury, death o,r loss for which the action is brought; provided, that the question or issue of negligence, gross negligence, and willful or wanton misconduct, and the question of proximate cause, and the issue or question of assumed risk, shall in all such cases be solely for the jury; provided that nothing in this section shall apply to school children or other students being transported to or from schools or places of learning in this state.”
This contention made by the appellant is obviously incompatible with a literal construction of the Guest Statute, which is *127 made expressly applicable to the “guest or passenger” of the “owner or operator” of the motor vehicle involved. The fact is unchallenged that Mrs. Killinger was the owner and operator of the automobile in which the appellant was riding at the time of the collision, and that the daughter-in-law was not such owner or operator. In effect, acceptance of this contention would require an amendment to the statute through judicial interpretation by adding to the condition that the injured person be the guest of the owner or operator of the automobile, the further condition that the injured person must also be the guest of the principal of such owner or operator. We do not think that such an interpretation is warranted by either logic or judicial precedent.
The appellate courts of this state have in several cases laid down the standards to be considered in determining whether a person is a guest of the owner or operator of a motor vehicle within the meaning of the Florida Guest Statute.
In Peery v. Mershon, 149 Fla. 351, 5 So. 2d 694 (1942), a case cited by both parties to this appeal, the Supreme Court of Florida quoted with apparent approval the statements of the rule in 4 Blashfield, “Cyclopedia of Automobile and Practice,” Perm. Ed., Sections 2291 and 2292, including the following:
“ ‘Whether one riding in the automobile of another or in an automobile operated by another, is a passenger or guest, or occupies some other status, such, for instance, as that of a joint adventurer, licensee, or what not, is usually a question of fact to be determined as such in the light of the legal principles governing questions of status and relationship.
4= * 4= * * *
“ ‘In determining who are “guests” within the meaning of automobile guest statutes, the enactments should not be extended beyond the correction of the evils which induced their enactment.
“ ‘One important element in determining whether a person is a guest within the meaning and limitations of such statutes is the identity of the person or persons advantaged by the carriage. If, in its direct operation, it confers a benefit only on the person to whom the ride is given, and no benefits, other than such as are incidental to hospitality, companionship or the like, upon the person extending the invitation, the passenger is a guest within the statutes; but, if his carriage tends to the promotion of mutual interests of both himself and the driver and operates for their common benefit, or if it is primarily for the attainment, of some objective or purpose of the operator, he is not a guest within the meaning of such enactments. Of course, a passenger for hire is not within their operation, regardless of whether the passenger or some one else pays or promises to pay for the transportation.
“ ‘The fact that it is contemplated that some indirect benefit will accrue to the operator of the automobile to which the carriage will have in some degree contributed collaterally or by way of inducement, is not sufficient to make the carriage one for mutual benefit within the rule as stated. The minor child of a person who accompanies an automobile operator, in part at least for the benefit of the latter, if taken along on the journey for want of any place to leave him in the parent’s absence, shares the parent’s status of not being a mere guest in the vehicle.’ ”
The holding of the Supreme Court in the Peery case, however, is not determinative of the present appeal because of the basic differences in the factual situation involved there and here. In that case the complaint alleged that the plaintiff was employed by the defendants, who were husband and wife, as a nurse and governess of their children, and, while the plaintiff was acting within the scope of her employment and in the course of her master’s business, she was di *128 rected by the wife to sit in the husband’s automobile, and that the wife so negligently operated the said automobile that the plaintiff was seriously injured. The Supreme Court held that under these alleged circumstances the Guest Statute was inapplicable. The facts in the instant case are vitally distinguishable from the facts alleged in the Peery case, where the relation of master and servant existed between the defendants and the plaintiff. Here no such relationship existed between Mrs. Killinger and the plaintiff.
The just-mentioned distinction underlines the basic defect in the appellant’s theory of recovery against Mrs. Killinger upon a showing of mere simple negligence. The appellant had the option of suing her employer, the daughter-in-law, as the principal of Mrs. Killinger on the theory that the daughter-in-law was directly benefitted by the transportation. The appellant, however, elected not to do so and filed the suit against Mrs. Killinger, the owner and operator of the car,- who was neither the employer nor the master of the appellant.
A more recent discussion of the principles involved in determining whether a rider is a guest under the Guest Statute may be found in Sullivan v. Stock, Fla.App., 98 So.2d 507 (1957). After quoting statements of the rule from encyclopedias, the District Court of Appeal, Second District of Florida, summarized the rule as follows:
“So it is the guest statute does not apply when the transportation is solely for the benefit of the owner or operator or mutual benefit of the passenger and the owner or operator of the car; nor can the guest statute be invoked in commercial transactions. However, the benefit sought to be conferred as the inducing cause of the transportation should be sufficiently real and tangible. A remote, vague, or incidental benefit is not sufficient. Nor would the journey or the ride suffice to change the status of an occupant of an automobile from that of a guest passenger where such journey or ride is for purposes of companionship, pleasure, social amenities, hospitality, and the like.”
We consider this to be a correct statement of the principles involved in determining whether a person is a guest under the Guest Statute. Applying them to the facts of the present case, we cannot say as a matter of law that the inducing cause of the transportation was a sufficiently real and tangible benefit accruing to Mrs. Kil-linger, nor that the Guest Statute was otherwise inapplicable. Consequently, the trial court correctly denied the appellant’s request for an instruction to the jury that she could recover against Mrs. Killinger upon a showing of simple negligence.
Even if the evidence could be considered as establishing the relationship of principal and agent between the daughter-in-law and Mrs. Killinger, such fact would not be decisive in the present determination. The plaintiff had the option of bringing this action against her employer, Mrs. Killinger’s daughter-in-law. Transportation of the plaintiff to and from her home was a part of her contract of employment and part of the consideration being paid for her services. Under these circumstances the transportation conferred a direct benefit on the plaintiff’s employer and, had the automobile been driven by the employer at the time of the accident, the plaintiff could not be considered a guest passenger within the purview of the Guest Statute. In such a suit directly against her employer the plaintiff would be required to prove that her damages resulted only from an act of simple negligence committed by her employer in order to justify recovery. If Mrs. Killinger were acting as the agent of the plaintiff’s employer at the time of the accident involved in this proceeding, the act of the agent would be attributed to the principal and, by the same token, the plaintiff would have been entitled to recover upon proof of an act of simple negligence committed by Mrs. Killinger under the doc *129 trine of respondeat superior. However, for reasons of her own the appellant did not bring this action against her employer but sought to impose liability for her damages in a suit directly against Mrs. Killinger. While the doctrine of respondeat superior may operate to make a principal liable for the acts of his agent within the scope of the agency, the doctrine does not operate in reverse and remove from an uncompensated agent, whose relationship arose solely by operation of law, the protection of the Guest Statute.
Nevertheless, the appellant in her appeal brief cites as her “most persuasive case” the decision of the District Court of Appeal, Third District of Florida, in Miller v. Morse Auto Rentals, Inc., 106 So.2d 204. While some of the language used in the dicta in the opinion of that case may seem consistent with the appellant’s theory, other language in the opinion is inconsistent therewith. We think that that Court’s decision, properly considered in the light of the issues before it, is in harmony with the views we have expressed in this opinion. An analysis of the facts and issues in that case will demonstrate that the decision is thus harmonious, as follows:
The plaintiff, Irene Miller, was employed as a pastry cook by a Mrs. Tjelios, who was the owner of a business establishment known as the Malayan Lounge. The pastries were to be prepared at Mrs. Tjelios’ residence and later taken to the place of business. On the day in question the plaintiff discovered that certain necessary ingredients were out of supply and so informed Mrs. Tjelios, who arranged for her son to come to the house and take the plaintiff on a marketing trip. The son, however, failed to appear, and a Mrs. Garri, who was either the manager of a group of dancers at the lounge, or was Mrs. Tjelios’ agent to procure entertainment at the night club, informed the plaintiff that she would take her to the market. Mrs. Garri drove her there in an automobile she had rented from Morse Auto Rentals, Inc. On the return trip from the store with the supplies the accident occurred which resulted in the plaintiff’s injuries.
The said plaintiff and her husband then filed an action for damages against both Morse Auto Rentals, Inc., and Mrs. Garri. The trial court entered a summary final judgment for Morse Auto Rentals, Inc., and it was from that judgment that the appeal was taken.
The Third District Court of Appeal held that Mrs. Garri drove the car as the agent of Mrs. Tjelios and further held:
“Thus it can be readily discerned that as between the driver and the plaintiff there were no acts or conduct which could in any way indicate the -relationship of host and guest between them. It is this relationship between the operator and the passenger upon which the statute (section 320.59, supra) acts and not the relationship between the driver and Mrs. Tjelios. The fact that the driver may have acted gratuitously for Mrs. Tjelios is not determinative. In accord Kruy v. Smith, 108 Conn. 628, 144 A. 304; Whyte v. Richards, Ohio Ct.App.1941, 12 Automobile Cases 714. See also 4 Blashfield, Cyclopedia of Automobile Law Practice § 2292 (Perm. Ed. 1946) quoted with approval in Peery v. Mershon, supra, and annotations at 10 A.L.R.2d 1352 and 59 A.L.R.2d 336.”
We agree with the above holding that the fact that a driver acts gratuitously for her principal is not determinative of the question whether a rider is a guest, but it must be remembered that in the instant case the trial court did not hold that the plaintiff was a guest but rather submitted this question to the jury under appropriate instructions. We particularly agree, of course, with the above holding that it is the relationship between the operator and the passenger upon which the Guest Statute acts and not the relationship between the driver and his principal.
*130 The import of our decision is to hold that the rule of law which imposes vicarious liability upon a principal for the tortuous acts of its agent is not necessarily the rule of law which determines the liability of the agent for the tortuous kct in question. Because of this principle the rule of law which would subject the plaintiff’s employer to liability upon proof of an act of simple negligence committed by Mrs. Killinger while acting as an agent for the employer is not necessarily the rule of law which determines the liability of Mrs. Killinger for the tortuous act committed by her. Having been sued in her individual capacity for the negligent operation of her motor vehicle, Mrs. Killinger is clearly entitled to the protection of the Guest Statute, and her liability may be established only by proof of acts constituting gross negligence.
In the case of Cutchins v. Seaboard Air Line Railroad Company, 101 So.2d 857 (Fla.1958), the plaintiff brought a suit for damages suffered when his motor vehicle collided with a railroad locomotive owned by the defendant railroad company and negligently operated by the defendant, J. H. Johnson, its engineer. The railroad company was vicariously liable for the negligence of its agent under the doctrine of respondeat superior. The jury returned a verdict against the railroad company for the damages suffered by the plaintiff, but returned a not guilty verdict in favor of the defendant engineer. The validity of the verdict was questioned on appeal upon the theory that since the engineer w;as found not guilty of negligence, no liability could be imposed on his principal, the railroad company. In discussing this question, and holding contrary to foregoing contention, the Supreme Court of Florida pointed out that, as to the suit against the engineer, he was privileged to plead the defense of contributory negligence on the part of the plaintiff. The court held, however, that under the law of this state such a defense was not available to the railroad company, its liability being fixed by the comparative negligence statute (Section 768.06, Florida Statutes, F.S.A.), which permits recovery by a plaintiff even though guilty of some degree of negligence which proximately contributes to the damages suffered. From the evidence adduced in that case the jury could have found the plaintiff guilty of some degree of negligence which would have justified the verdict in favor of the defendant engineer under his defense of contributory negligence. Such a finding, however, would not have necessarily precluded the jury from finding in favor of the plaintiff and against the defendant railroad company because of the liability imposed upon it by the comparative negligence statute.
It is our view that the reasoning of the decision in the Cutchins case discussed above is applicable to the question involved in the case we here review, and supports the conclusion we have reached.
We hold that the question whether the appellant was a guest of Mrs. Killinger was a question of fact to be submitted to the jury along with appropriate instructions concerning the principles involved in the determination of this question, as recognized in the rule quoted in the Peery case. We think the trial court properly submitted this question to the jury along with appropriate instructions.
Finding no reversible error in the record before us, the final judgment appealed from is
Affirmed.
WIGGINTON, J., concurs.
STURGIS, J., dissents.