DONALD S. BADGER, administrator of estate of Genevieve Badger, deceased, appellant, v. JOAN BARBARA GROSZBACH et al., appellees.

No. 52164.

OCTOBER 18, 1966.

Alfred A. Beardmore, of Charles City, and George R. Kerr, of Rochester, Minnesota, for appellant.

Boyd G. Hayes, of Charles City, for appellees.

STUART, J.—Plaintiff brought this action to recover for the alleged wrongful death of his wife, who was fatally injured while riding in a car owned by defendant, Robert Groszbach, and driven by his wife, Joan Groszbach. The petition alleged negligent operation of the automobile. The trial court held the

deceased was a guest as a matter of law and plaintiff could not recover for negligence under the guest statute, section 321.494, Code of Iowa, and directed a verdict for defendants. The sole question presented here is whether the evidence viewed in the light most favorable to plaintiff generates a jury question as to the status of the deceased passenger.

The principal parties involved in this tragedy are Mrs. Mabel Rud and her three daughters, Ruth Thorson, Genevieve Badger, the deceased, and Joan Groszbach, one of the defendants. Ruth Thorson lived on a farm near Rock Falls, Iowa, with her husband and five young children. On October 6, 1963, she received a severe burn on her right hand and wrist which prevented her from using it for some time. She wrote her sister, Mrs. Groszbach, of her accident and resulting disability.

Mrs. Rud, Mrs. Groszbach and Mrs. Badger all lived near Rochester, Minnesota. On October 9 Mrs. Groszbach and Mrs. Badger were helping their mother redecorate her home. The young ladies discussed their sister's injury and one or the other suggested they should go to her home and help her. They discussed it with their mother and all three decided to go. They called her and told her they would be down the next day. During the telephone conversation Mrs. Thorson told Mrs. Groszbach the trip was not necessary and Mrs. Groszbach said it would be more fun than work and that they did not get down very often.

About 8 a. m., on October 10, Mrs. Groszbach picked up Mrs. Rud and Mrs. Badger in her husband's car. They stopped at Hayfield, Minnesota, for gas and at Mrs. Groszbach's suggestion each put in one dollar to pay for the gas. There was no previous discussion of payment for the trip or cost of gas.

After they arrived at the Thorson home, Mrs. Rud finished canning some carrots, helped Mrs. Thorson prepare the noon meal, helped clean up the house and took care of the children. Mrs. Groszbach, who had brought her own iron and ironing board, and Mrs. Badger spent most of the day ironing for Mrs. Thorson and her family.

The purpose of the trip was to help Mrs. Thorson with her housework and the only benefit either Mrs. Badger or Mrs.

Groszbach received was the "fun" of the trip and the satisfaction of having helped their sister.

Before leaving at about 5 p.m., they decided to take the four oldest Thorson children to Rochester with them. About four or five miles from the Thorson home the car, driven by Mrs. Groszbach, struck a bridge abutment. Mrs. Badger was thrown from the car and received fatal injuries.

Mrs. Groszbach testified she did not think she would have made the trip if her sister and mother had not gone along and that they would not have made this trip if Mrs. Thorson had not been injured. It was assumed Mrs. Groszbach would do the driving and she did drive all the way.

I. One who rides in an automobile for the definite and tangible benefit of the owner or operator or for the mutual definite and tangible benefit of the owner or operator and himself is not a guest within the meaning of section 321.494. Knutson v. Lurie, 217 Iowa 192, 195, 251 N.W. 147, 149; Winter v. Moore, 255 Iowa 1, 9, 121 N.W.2d 82; Zwanziger v. Chicago and Northwestern Railway Co., 259 Iowa 14, 19, 20, 141 N.W.2d 568, 571. The law is clear. The problem arises when we are called upon to determine whether given facts show such definite and tangible benefit that a jury question is created.

The testimony and permissible inferences establish that the only benefits to the passenger and driver were the pleasure of the trip to visit their sister and the satisfaction of having helped her during a difficult time. No cases have been cited in which similar facts have been held to create a fact question on the applicability of the guest statute. We believe the record goes no further than to establish a common interest in the trip, which is not sufficient. Nielsen v. Kohlstedt, 254 Iowa 470, 473, 117 N.W.2d 900.

Recently we have reviewed the long line of guest cases in which we have been called upon to resolve this problem. Morrow v. Redd, 257 Iowa 151, 131 N.W.2d 761; Zwanziger v. Chicago & N.W. Ry. Co. and Nielsen v. Kohlstedt, both supra. For our purposes here, we will refer only to those closest to the instant case on the facts. In Zwanziger v. Chicago & N.W. Ry. Co., supra, we pointed out that a business or commercial benefit was

not necessary. However, the facts are quite different from the instant case. There the jury could have found the guests did not want to make the trip and went with the driver as an accommodation to her to help on the trip because of the bad weather and because the driver would not have made the trip alone.

Stenberg v. Buckley, 245 Iowa 622, 61 N.W.2d 452, was actually decided on the basis of a definite and tangible benefit to the owner. The evidence made a prima facie case that he, as owner of a restaurant, was furnishing food for compensation to his lodge. We also said the holding could probably have been put on the ground of mutual tangible benefit of the operator and guest. There the operator was chairman of the food committee and the guest was a member of the same committee. The trip was a necessary part of their committee functions and they were discharging some of their duties and obligations to the lodge by transporting the food.

In Winter v. Moore, supra, plaintiff, at defendant's insistence made a trip with her to pick out a joint wedding gift for a mutual friend. We compared that case to Bodaken v. Logan, 254 Iowa 230, 117 N.W.2d 470, in which the passenger went with the driver to help her pick out some school uniforms.

In Peronto v. Cootware, 281 Mich. 664, 275 N.W. 724, 725, a mother made a trip with one son because a second son had requested her to come and help care for his sick wife. The court held the passenger made the trip, not for her own pleasure or business, but in order to render a requested service for her son.

In Thuente v. Hart Motors, 234 Iowa 1294, 1303, 15 N.W.2d 622, plaintiff was injured while riding in a truck gathering scrap metal to aid in the war effort. We held the guest statute did not apply because the trip was advantageous to the operator-owner and passenger in the accomplishment of their mutual enterprise—a patriotic and community effort.

Haas v. Owens, 248 Iowa 781, 784, 785, 81 N.W.2d 654, appears to be the closest case on the facts. There the occupants of the car were all nurses making a trip to attend a polio workshop. Each passenger paid 75¢ for the ride. We distinguished

it from Thuente v. Hart Motors, supra, on the basis of the patriotic purpose and the efforts in behalf of the national emergency. "The case [Thuente] appears * * * to go to the extreme limit. At least we do not feel inclined to enlarge the scope thereof as appellee would have us do."

In Winter v. Moore, Zwanziger v. Chicago & N.W. Ry. Co., and Peronto v. Cootware, all supra, the passenger was not motivated by any benefit she might receive from the trip. In each case, she was in the car at the request or insistence of the owner-operator and not because of her request or a mutual desire to go on the trip. In Thuente v. Hart Motors and Stenberg v. Buckley, both supra, the motivating force was a desire to aid the war effort or fulfill lodge duties respectively. We are not inclined to extend the reasoning of these cases to a trip in which the common interest is to aid friends or family.

"The purpose of our guest statute is to protect automobile drivers and owners from claims made by persons who were riding in the motor vehicle as guests or by invitation and not for hire except as in the statute provided. It is desirable to cut down litigation arising from the commendable unselfish practice of sharing with others transportation in one's vehicle and protect the Good Samaritan from claims based on negligence by those invited to ride as a courtesy." Nielsen v. Kohlstedt, 254 Iowa 470, 473, 117 N.W.2d 900.

Although the parties here have a common interest and purpose in making the trip, any benefit to the driver or the driver and occupant is indefinite and intangible and not such as to take this case out of the guest statute.

II. Plaintiff also urges us to apply the Minnesota law under the "most significant contacts" rationale and rule. This contention was not made in the trial court and cannot be raised for the first time here. Jones v. Sears, 258 Iowa 906, 911, 140 N.W.2d 854, 857.

For the reasons herein stated we affirm.—Affirmed.

All JUSTICES concur.