**Janice JACKSON, Appellee,**

v.

**James BROWN, Appellant.**

**No. 53263.**

Supreme Court of Iowa.

Feb. 11, 1969.

John J. Respeliers, Omaha, Neb., and Dan J. Buckley, Harlan, for appellant.

Fred Louis, Jr., Harlan, for appellee.

MASON, Justice.

The primary question for determination is plaintiff Janice Jackson's status while riding in an automobile owned and being operated by defendant James Brown.

Plaintiff brought a law action seeking recovery for injuries sustained March 21, 1967, when Brown's automobile overturned on a trip to Harlan. She alleged in one division of her petition that defendant's reckless operation of his vehicle was the proximate cause of her injuries and in the other she was a passenger, not a guest, and defendant's negligent operation had caused her damage.

At the close of plaintiff's evidence after dismissing the division based on recklessness the trial court overruled defendant's motion for directed verdict in all other respects. His motion renewed at the close of all evidence was overruled and the case submitted to the jury on the necessary elements of a negligence case, instructing on the passenger or guest issue. After overruling motion for judgment notwithstanding the verdict and in the alternative for new trial, judgment was entered against defendant on the verdict. He appeals.

■ The issues on appeal relate to plaintiff's status as an occupant in the automobile when the accident occurred and the court's instructions on that issue.

"In considering the sufficiency of the evidence of defendant's negligence as against * * * [his] motions for directed verdict and judgment notwithstanding the verdict, we view the evidence in the light most favorable to plaintiff. This is the effect of Rule 344(f) par. 2, Rules of Civil Procedure." Ling v. Hosts, Inc., Iowa, 164 N.W.2d 123 filed January 14, 1969.

The afternoon of the accident Sandra Barnett, George Weston, plaintiff and defendant met by chance at the Oasis tavern in Glenwood. All had been previously acquainted and fell into conversation concerning some chain saws owned by plaintiff's former husband which Weston understood were being offered for sale. Plaintiff told Weston and defendant she thought the saws might be stored in Glenwood although Mr. Jackson was then living in Harlan. Weston persuaded defendant to take him to Harlan so he could inquire about the tools. Defendant reluctantly agreed. Plaintiff did not know Jackson's Harlan address but could locate the house. Both Weston and defendant asked plaintiff to go along and give directions. Plaintiff said she would but preferred not to go alone and asked Sandra Barnett to go along.

Mrs. Barnett and plaintiff were in the back seat as defendant drove with Weston in the front seat with him. As the parties approached an S-curve south of Harlan, defendant lost control of his vehicle which slid into the guard posts, jumped the ditch and rolled over, resulting in plaintiff's injuries.

Defendant asserts the trial court erred in (1) overruling his motion for directed verdict and for judgment notwithstanding the verdict and (2) refusing to give his requested instructions 1 and 2 and overruling objections to court's instructions 2 and 4.

I. Under his first assigned error defendant contends plaintiff's failure to establish she was other than a guest while riding in defendant's automobile barred recovery for ordinary negligence under the guest statute. Section 321.494, Code, 1966, provides:

"Guest statute. The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire unless damage is caused as a result of the driver of said motor vehicle being under the influence of intoxicating liquor or because of the reckless operation by him of such motor vehicle."

■ Of course, one who claims the guest statute is not applicable has the burden to prove his status was other than a guest. Livingston v. Schreckengost, 255 Iowa 1102, 1104, 125 N.W.2d 126, 127; Vipond v. Jergensen, 260 Iowa 646, 148 N.W.2d 598, 660; and Sieren v. Stoutner, Iowa, 162 N.W.2d 396, 401. Not only does plaintiff have the burden to establish her status, the action being predicated upon negligence of the operator or owner, but there is a presumption, rebuttable, that she was a guest within the meaning of section 321.494. Murray v. Lang, 252 Iowa 260, 266–267, 106 N.W.2d 643, 647; Delay v. Kudart, 256 Iowa 523, 525, 128 N.W.2d 201, 202–203. In re Estate of Ronfeldt, 261 Iowa 12, 152 N.W.2d 837, 841–842.

We quote from Ronfeldt:

"In Knutson v. Lurie, 217 Iowa 192, 195–197, 251 N.W. 147, 149, we held the occupant of an automobile driven by another is neither a guest nor mere invitee when he is riding therein (1) when performing his duties as a servant of the owner or operator of the car; or (2) for the definite and tangible benefit of the owner or operator; or (3) for the mutual, definite and tangible benefit of the owner or operator on the one hand, and of the occupant on the other. It has been cited many times upon this proposition. Thuente v. Hart Motors, 234 Iowa 1294, 1302, 15 N.W.2d 622, 627; Stenberg v. Buckley, 245 Iowa 622, 630–631, 61 N.W.2d 452, 456–457 and citations; McBride v. Dexter, 250 Iowa 7, 9, 92 N.W.2d 443, 444; Murray v. Lang, 252 Iowa 260, 267, 106 N.W.2d 643, 647; Nielsen v. Kohlstedt, 254 Iowa 470, 474, 117 N.W.2d 900, 903. This enumeration is not exclusive, and setting it out is not meant to so indicate. Powers v. Hatcher, 257 Iowa 833, 836, 135 N.W.2d 114, 116.

"That case recognizes a fourth category, i. e., where the relationship between operator and passenger is that of co-employees in furtherance of their employment in transportation as directed by their employer, they are not guest and host.

"One who rides in a motor vehicle for the definite and tangible benefit of the owner or operator is not a guest within the meaning of the guest statute and recovery for injuries suffered by such rider may be based on the negligence of the operator. Morrow v. Redd, 257 Iowa 151, 131 N.W.2d 761, 763, and citations."

■ For plaintiff to recover under the circumstances here there must be substantive evidence that at the time of the accident she was riding in the vehicle "for the definite and tangible benefit of the owner or operator"—the second category announced in Knutson v. Lurie, supra.

It is true the benefit to be received by the owner or operator need not be the only purpose or sole motivating factor in furnishing transportation, it need only be a substantial factor. Delay v. Kudart, supra, 256 Iowa at 528, 128 N.W.2d at 204. In re Estate of Ronfeldt, supra, 261 Iowa at 19, 152 N.W.2d at 842.

■ When benefits are to be considered, we have said such benefits to the operator or owner as are incidental to hospitality, social relations, companionship or the like are not definite and tangible benefits as are contemplated by the rule. Nielsen v. Kohlstedt, supra, 254 Iowa at 474, 117 N.W.2d at 903; Powers v. Hatcher, supra, 257 Iowa at 837, 135 N.W.2d at 114; In re Estate of Ronfeldt, supra, 261 Iowa at 19, 152 N.W.2d at 842.

We have announced these rules several times and the law is clear. Our problem arises when we are called upon to determine whether given facts constitute such definite and tangible benefit to the owner or operator that a jury question is created. Badger v. Groszbach, 259 Iowa 644, 145 N.W.2d 588, 589.

In Bodaken v. Logan, 254 Iowa 230, 233, 117 N.W.2d 470, 472, we quoted with approval the following from 4 Blashfield, Cyclopedia of Automobile Law and Practice, Perm. Ed., section 2292 (Now 5 Blashfield Automobile Law and Practice, Third Ed., sections 212.8–212.15):

"In determining who are 'guests' within the meaning of automobile guest statutes, the enactments should not be extended beyond the correction of the evils which induced their enactment.

"They were designed to relieve the harshness of the common-law rule which requires the exercise of ordinary care even to a recipient of the driver's kindness and hospitality. In construing such statutes their terms are not always to be taken in their literal sense, and the court will consider not only the ordinarily accepted meaning of the words used, but also such interpretation as may have been applied to them under common law or similar statutes. * * *

"One important element in determining whether a person is a guest within the meaning and limitations of such statutes is the identity of the person or persons advantaged by the carriage. If, in its direct operation, it confers a benefit only on the person to whom the ride is given, and no benefits, other than such as are incidental to hospitality, companionship, or the like, upon the person extending the invitation, the passenger is a guest within the statutes; but, if his carriage tends to the promotion of mutual interests of both himself and the driver and operates for their common benefit or if it is primarily for the attainment of some objective or purpose of the operator, he is not a guest within the meaning of such enactments." This is followed by citation of authorities and repeated in Zwanziger v. Chicago & N. W. Ry. Co., 259 Iowa 14, 19, 141 N.W.2d 568, 571.

Returning to In re Estate of Ronfeldt, we said at 261 Iowa 20, 152 N.W.2d at 842:

"In determining whether plaintiff has carried the burden of proving his status as other than a guest it is important to ascertain, if possible, what it was that primarily motivated the undertaking. The intention of the parties in entering on it, their relationship and all circumstances surrounding the transaction are material. Livingston v. Schreckengost, 255 Iowa 1102, 1105, 125 N.W.2d 126, 128 and citations.

Under the issue submitted, tangible benefit to the owner or operator, the object of the trip is an important circumstance for consideration in determining the motivating influence for plaintiff's presence in the vehicle.

■ It is without dispute that the primary purpose of the trip was for Weston's benefit and the furtherance of his business or commercial interest. He was interested in negotiating for the purchase of a chain saw presumably on the best terms obtainable. Upon learning in a conversation with plaintiff that her former husband owned such tools which were for sale. and probably not in use, being either in storage at Glenwood or at Jackson's home in Harlan, the possibility of buying one at a bargain would justify a finding that Weston had a direct financial interest in making the trip. His desire to inspect the equipment "primarily motivated the undertaking" of furnishing transportation to plaintiff.

Although plaintiff's assistance in locating the Harlan house might suffice as a tangible benefit in attaining Weston's object and purpose, this type of motivation cannot serve as the "definite and tangible benefit to the owner or operator" required under our cases to take an occupant of an automobile out of the guest statute. It was not defendant who was "advantaged by the carriage". He was nothing more than a Good Samaritan, reluctantly taking Weston to Harlan.

Stated otherwise, the benefit accruing to or conferred on the owner or operator sufficient to take the person riding with him out of the guest statute must be material and tangible, flow from and depend on the transportation provided, and be a substantial factor in motivating the furnishing of the transportation. In support see Nielsen v. Kohlstedt, supra, 254 Iowa at 475, 117 N.W.2d at 903; 5 Blashfield Automobile Law and Practice, section 212.11.

■ The fact it is contemplated that some indirect benefit will accrue to the operator of the automobile to which the carriage will have in some degree contributed collaterally or by way of inducement, such as an early location of the Jackson home in Harlan, is not sufficient. Peery v. Mershon, 149 Fla. 351, 5 So.2d 694, 697–698, quoting at length from Knutson v. Lurie and Blashfield, both supra; and Brown v. Killinger, Fla.App., 146 So.2d 124, 128.

In Zwanziger v. Chicago & N. W. Ry. Co., supra, 259 Iowa at 22–24, 141 N.W.2d at 573, this court said the benefit required there need not be of a business or commercial nature nor was such benefit necessary in certain of our cases considered in that opinion. However, in Zwanziger and the cases there considered the tangible benefit

furnished by the occupant flowed directly to the owner or operator. Not so here. Certainly the existence of a business or commercial interest of one making the trip, other than owner or operator, is a proper factor to be considered in determining the person advantaged by the carriage.

Under this record the only relationship between plaintiff and defendant is one of casual acquaintance.

The evidence viewed in the light most favorable to plaintiff is not sufficient to make her contention she was a passenger, not a guest, one of fact for the jury.

II. Plaintiff contends there are actually two separate transactions involved. The first consists of Weston's inducing defendant to take him to Harlan to look at some chain saws. She maintains there was no mention of her going until after defendant had consented to take Weston. At this point the project of locating Jackson in Harlan was agreed upon without her being included in the arrangement.

She further argues once defendant had decided to make the trip he entered into a second transaction by requesting plaintiff to go along and help him accomplish his objective for making the trip by giving directions to Jackson's house. Although she could not give defendant the address she could locate the house which required her presence during the trip. She maintains this assistance was the motivating cause for defendant's requesting her to make the trip and constituted the definite and tangible benefit to him required to remove her from the guest statute.

Any indirect benefit contemplated to accrue to defendant as operator of the vehicle from plaintiff's assistance in locating Jackson's house was too indefinite and intangible to generate a jury question on plaintiff's status issue.

III. In view of our holding in Division I, supra, we do not reach defendant's second assigned error.

In taxing costs defendant shall be limited to $1.50 per printed page of the record, brief and argument.

With directions to set aside the judgment entered on the jury's verdict and dismiss plaintiff's petition the cause is—

Reversed and remanded.

All Justices concur, except BECKER and LARSON, JJ., who dissent.

BECKER, Justice.

I dissent.

When defendant driver agreed to transport plaintiff, I think it was a jury question as to whether plaintiff's presence was for the tangible benefit of defendant. The fact that Weston was incidentally benefited should not be determinative here as a matter of law. I am authorized to say Justice LARSON joins in this dissent.