**Alice ROSS, Appellant,**

v.

**Lyle McNEAL, Appellee,**

**No. 52968.**

Supreme Court of Iowa.

Oct. 14, 1969.

**516**

John D. Randall, Cedar Rapids, for appellant.

Ralph W. Gearhart and Harry Wilmarth, and O. W. Lawrence, Cedar Rapids, for appellee.

STUART, Justice.

■ Plaintiff brought this action to recover damages for personal injuries she sustained in a one car accident while riding as a passenger in the automobile owned by defendant. Her cause of action was founded upon the driver's negligence and the claim that she was not within the guest statute at the time of the accident. The issues were submitted to a jury which returned a defendant's verdict. Plaintiff has appealed assigning errors in the instructions. Defendant not only contends the instructions were proper, but seeks an affirmance on the ground that any error was without prejudice as he was entitled to a directed verdict. He may do so without appealing. Kroblin Refrigerated X Press Inc. v. Ledvina, 256 Iowa 229, 233, 127 N.W.2d 133, 136. We hold that defendant's motion for a directed verdict should have been sustained. Therefore, we need not discuss the assigned errors.

■ I. The owner of a motor vehicle is not liable for damages to a guest passenger unless the injury was the result of the driver's reckless operation or intoxication. Section 321.494, Code of Iowa. Plaintiff's petition does not contain either allegation. In order to recover on driver's negligence she must establish she was riding in the car in some relationship other than as a guest. In determining whether there is sufficient evidence to raise a jury question on that issue, we must view the evidence in the light most favorable to plaintiff.

At the time of the accident, plaintiff, her daughter Ruth and her son-in-law, the defendant, lived together in a house in Center Point, which plaintiff and her daughter had rented prior to the marriage. Plaintiff paid one-half of the household expenses. Ruth and her husband paid the other half.

Defendant operated a service station in Center Point. Ruth kept his books and did his banking. When she became pregnant, she was so ill she could not keep up with the housework. Plaintiff who had been working part time after she became eligible for social security payments, took a leave of absence from her job as night cook to help Ruth during the last two months of her pregnancy and her convalescence. She had not returned to work at the time of the accident. Ruth continued to do defendant's banking. This necessitated a daily trip to the bank in Urbana 5 miles away to makes deposits and obtain change. Three or four times a week plaintiff would accompany her. She remained in the car while Ruth did the banking. Her presence on these trips was for sociability and companionship.

After the birth of the child, on July 5, 1964, plaintiff performed the household duties during Ruth's extended hospital stay and her convalescent period. About the first of August, Ruth resumed the trips to the bank at Urbana. She testified: "Occasionally my mother and the baby would go and sometimes mother would stay home with the baby. If it was a nice day and I wanted to take Brian out, my mother would go. We enjoyed each others company and enjoyed being on the trip."

On August 17, 1964 Ruth asked her mother to go to Urbana with her to take care of the baby. There was no particular reason the baby went along "other than Ruth and [plaintiff] thought it would be nice if the baby got some air".

Plaintiff testified: "I didn't think it was wrong for him to get some air. I didn't think it would hurt. I didn't think it would hurt me to go either.

"I had washed already and it was about noon and naturally I just wanted to get away from the house when I rode along with her. I wouldn't have gone if we hadn't taken the baby. I would have stayed home and worked because I did have a lot of work to do. I went along with her because she asked me to go. Well, it is true in the sense of the word that at times I went along partly to get away from the house and go for a ride and the sociability of being with my daughter; but it wasn't on the 17th because I had work to do that day. I should have stayed home to do it. The washing was done but I didn't have the machine emptied and the house wasn't cleaned up."

Ruth testified: "She went with me on August 17, 1964. It is not right that she decided to go with me that day. As I recollect, I had suggested that I take Brian and whenever I took him either my mother or if my husband was off work he went with me because I never went alone without someone with me to watch Brian. So I might have suggested that she go along with me but I don't remember that. I don't recall that I asked my mother to come but I assumed she would. I had to go in any event. If for some reason she hadn't wanted to go, I would have gone anyway and left Brian home."

Plaintiff stayed in the car with the baby while Ruth did the banking. The accident occurred on the return trip to Center Point.

■ Plaintiff has the burden of proving her status was other than a guest and must overcome the rebuttable presumption that she was a guest. Jackson v. Brown, Iowa, 164 N.W.2d 824, 826, and citations.

Since plaintiff did not pay for the ride, she can only establish she was not a guest by showing: (1) she was performing duties as a servant of the owner or operator of the car; (2) her transportation was for the definite and tangible benefit of the owner or operator; or (3) her transportation was for the mutual, definite and tangible benefit of the owner or operator and herself. Jackson v. Brown, Iowa, 164 N.W.2d 824, 827; Nielsen v. Kohlstedt, 254 Iowa 470, 474, 117 N.W.2d 900, 903; Knutson v. Lurie, 217 Iowa 192, 195–196, 251 N.W. 147, 149. Plaintiff seems to urge all three possibilities.

II. Plaintiff argues she was acting as a domestic for her daughter and defendant and she was performing her job as babysitter at the time of the accident. The evidence does not justify this conclusion. This was a close family relationship in which the duties and expenses were shared. Although plaintiff was doing more than her share of the work during her daughter's confinement, she did not expect or receive compensation. Her gratuitous services did not create an employment relationship with her daughter. There is no evidence which would justify the jury in finding she was a servant engaged in the performance of her duties.

III. The two other propositions require a showing of a definite and tangible benefit to the driver or owner arising out of the transportation of the passenger. This case is different from most guest cases because the reason plaintiff went on the ride was unrelated to the purpose of the trip which was to conduct defendant's banking business. Plaintiff's presence conferred no benefit upon either party relative to the purpose of the trip as it is conceded she took no part in the business transaction. Plaintiff made the trip so the baby could "get some air".

"Motivation of the parties must be examined, not in connection with the purpose of the trip, but in connection with the purpose of the presence of the passengers or guests in the car at the time the trip was made. The purpose of the trip may be an important circumstance in determining the purpose of the presence of the passengers or guests, it is not necessarily determinative." Zwanziger v. Chicago and Northwestern Railway Co., 259 Iowa 14, 24, 141 N.W.2d 568, 574, see also Goldberg v. Cook, 206 Minn. 450, 289 N. W. 512, 515.

We have quite recently stated the rules by which the presence of a definite tangible benefit is to be determined. Jackson v. Brown, Iowa, 164 N.W.2d 824, 826–828, see also Nielsen v. Kohlstedt, 254 Iowa 470, 474–475, 117 N.W.2d 900, 903–904. They need not be repeated here except to stress the fact that benefits which are incidental to hospitality, social relations, companionship and the like are not "definite and tangible" benefits.

Each case must be decided in the light of its own facts. Nielsen v. Kohlstedt, supra. The benefit conferred upon the owner or operator of a car by a grandmother who makes an enjoyable and sociable trip so her grandchild, the child of the owner and operator, could go along, is not the type of definite and tangible benefit contemplated by our guest statute. In Badger v. Groszbach, 259 Iowa 644, 649, 145 N.W.2d 588, 590, we refused to extend the guest statute to a case in which the common motivating purpose of the guest's presence in the car was to aid the family.

The record here is far different from that made in Goldberg v. Cook, 206 Minn. 450, 289 N.W. 512, in which it was held a grandmother riding to California with her daughter to help look after her grandchildren on the trip and help her daughter get settled was not a guest. Plaintiff's son-in-law and daughter had importuned her to go along for several weeks. She refused because she had been to California twice a short time before and preferred to stay in her own home. She finally agreed to go for the sole purpose of helping her daughter. None of these factors are present here.

We hold plaintiff failed to overcome the presumption that she was riding in defendant's car as a guest passenger and defendant's motion for directed verdict should have been sustained. Consequently, any error in the instructions to the jury which returned a verdict for defendant was without prejudice.

The case is therefore affirmed.

Affirmed.

All Justices concur.