Susan Edna WALLACE, Administrator of the Estate of Kenneth Alan Wallace, Deceased, Appellant,

v.

Ronald Eugene REEDER, Appellee.

No. 54840.

Supreme Court of Iowa.

April 13, 1972.

Hansen, Wheatcraft & McClintock, Des Moines, for appellant.

Hopkins, Bump & Huebner, Des Moines, for appellee.

HARRIS, Justice.

This appeal following a jury verdict for defendant presents questions involving the guest statute, assumption of risk, and recklessness. We reverse.

Kenneth Alan Wallace lost his life while riding as passenger in a motor vehicle owned and driven by defendant and being road tested. This action is brought by his widow as administrator of his estate. For convenience we shall refer to Kenneth Alan Wallace as plaintiff.

Defendant had purchased a new automobile of a type commonly referred to as a "muscle car." Plaintiff, defendant, and defendant's brother-in-law Harry Stegall shared an interest in stock car racing. Plaintiff had formerly driven stock cars professionally for defendant and Stegall. On the morning in question they drove the new vehicle south from the town of Stuart to a place known as "the quarter." At that place they contemplated a road test, later undertaken, which was referred to as "going through the quarter." It consisted of stopping the vehicle and thereafter accelerating it to its maximum speed in a quarter of a mile.

The three young men present in the vehicle took turns driving the vehicle in this test. Plaintiff took the car through first, attaining a speed of upwards to 100 miles per hour. No complaint was made by anyone as to speed. Defendant expressed it, "nobody kicked about going over the speed limit, we were out there for that purpose."

After plaintiff had run the test he drove the vehicle back to the starting point, moved over to the passenger's side in favor of defendant who then took the car through, attaining a speed of 104 miles per hour. After completing this run the accident occurred. At the end of the quarter defendant turned his head diverting his eyes from the road ahead in order to listen to

something being said by plaintiff to Stegall in the back seat. The road had been empty of other traffic when he diverted his eyes from it. When he again turned his view to the road ahead there was an oncoming car. Defendant thereupon whipped the wheel, lost control, and the accident occurred.

Plaintiff's appeal follows a jury verdict for defendant. He assigns four errors.

I. Plaintiff first complains of a finding by the trial court. The trial court found the evidence insufficient to raise a jury question on plaintiff's claim that he was not a guest. Section 321.494, Code, 1966, provides:

"Guest statute. The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire unless damage is caused as a result of the driver of said motor vehicle being under the influence of intoxicating liquor or because of the reckless operation by him of such motor vehicle."

The scant record made in behalf of plaintiff reveals only that he accompanied defendant and Stegall with some reluctance, that he drove the vehicle himself during a part of the test, and that he formerly had driven professionally for the defendant.

█ In a recent case we explained the status of a passenger under our guest statute. Jackson v. Brown (Iowa) 164 N.W.2d 824, 39 A.L.R.3d 1075. An exhaustive annotation on the subject appears at 39 A.L.R. 3d 1083. The record in this case reveals no definite and tangible benefit accruing to defendant from plaintiff's presence in the car within the meaning of the guest statute. See Jackson v. Brown and citations. There is no merit in plaintiff's first assignment.

II. Both parties raise questions on the issue of assumption of risk. Plaintiff's complaint is twofold, constituting his second and third assignments of error. First, it is claimed there was not sufficient showing of assumption of risk to raise a jury question. Alternatively, it is urged the instructions were defective in their failure to explain the doctrine as applied to this case. Defendant, in turn, urges there was assumption of risk as a matter of law, curing any errors and barring plaintiff's recovery.

It is not necessary again to restate the law of assumption of risk as it relates to guests in automobile cases. It is set out in some detail in Winkler v. Patten (Iowa) 175 N.W.2d 126; King v. Barrett (Iowa) 185 N.W.2d 210, 212. This appeal presents no new questions on the subject.

█ There is no merit in plaintiff's claim the court erred in submitting the issue of assumption of risk. Plaintiff entered the vehicle for the purpose of testing its racing capabilities. He was himself the first to drive during the test. He quite clearly assumed whatever risk he knew to be inherent in the test. Winkler v. Patten and citations, King v. Barrett and citations.

But the doctrine of assumption of risk is not without limitations. The fact of such limitations gives substance to plaintiff's third assignment of error and negates defendant's claim there was assumption of risk as a matter of law.

In its instructions to the jury, the trial court gave the definition of the doctrine as adopted by the Uniform Court Instructions Committee of the Iowa Bar Association. It is an apt and accurate definition of the doctrine. It does not however suffice as explanation to the jury of the special claims of this plaintiff.

█ The court refused to instruct the jury on plaintiff's theory with regard to the application of the doctrine of assumption of risk. Plaintiff took the position there were two reckless acts involved in the accident.

Speed was one. The act of defendant in taking his eyes off the road while driving at great speed was another. Plaintiff urged at trial and on appeal his right to have the jury determine which of the claimed reckless acts caused the accident. He claims the right to treat the question of assumption of risk separately as it might relate to those acts. Plaintiff strongly argues the proposition that if he assumed any risk it was the risk only of speed. High speed automobiles were things plaintiff claimed to understand. Diversion of his glance by defendant at an excessive speed is a risk plaintiff claims not to have assumed. This is a claim and a distinction we have previously recognized and held to be valid. Winkler v. Patten.

III. As a final assignment of error plaintiff cites the refusal of the court when requested to modify instruction 8. Instruction 8 contained a definition of recklessness which included the requirement that "in order to show the driver's attitude of no care coupled with disregard for the consequences there must be evidence that he pursued a persistent course of conduct as opposed to momentary thoughtlessness, inadvertence or error in judgment on his part." Plaintiff's counsel strenuously objected to the instruction before it was given citing Winkler v. Patten. The trial court overruled the exception stating the belief that Winkler v. Patten addressed itself only to whether such an instruction should be given and not to the language of the instruction. In Winkler v. Patten we held a persistent course of conduct not to be an essential element of recklessness. That holding was confirmed in King v. Barrett.

Accordingly it was error for the trial court to include a persistent course of conduct as an element of recklessness. This error together with that previously indicated in division II requires a reversal with a remand for a new trial.

Reversed and remanded.

All Justices concur.