Susan Edna **WALLACE**, Administrator of the Estate of Kenneth Alan Wallace, Deceased, Appellant,

v.

Ronald Eugene **REEDER**, Appellee.

No. 2–56067.

Supreme Court of Iowa.

June 26, 1974.

Rehearing Denied July 29, 1974.

Hansen, Wheatcraft & McClintock, Des Moines, for appellant.

Hopkins, Bump & Huebner, Des Moines, for appellee.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP, and HARRIS, JJ.

HARRIS, Justice.

In Wallace v. Reeder, 196 N.W.2d 540 (Iowa 1972) we reversed a verdict for the defendant in an automobile guest case. Upon remand the case was tried to another jury which also returned a defendant's verdict. In this appeal plaintiff challenges the instructions on assumption of risk given in the second trial. We affirm.

The action arose after Kenneth Alan Wallace was killed while a passenger in a new "muscle" car. Wallace (plaintiff) was present to participate in a road test of the vehicle which involved driving at extremely high speeds. The facts were detailed in our opinion upon the first appeal and need not be repeated.

Upon the first appeal we approved the definition of assumption of risk adopted by the uniform jury instructions committee of the Iowa Bar Association. We found however the definition was not a sufficient explanation of plaintiff's special claims in this case. On the basis of Winkler v. Patten, 175 N.W.2d 126 (Iowa 1970) and King v. Barrett, 185 N.W.2d 210 (Iowa 1971) plaintiff took the position two distinct acts of recklessness were involved. A high rate of speed was only one. According to plaintiff's theory defendant's act of taking his eyes off the road while driving at great speed was another. In reversing we agreed plaintiff's theory was not fully explained in the instructions and remanded for a new trial.

In the second trial the jury was given the same uniform instruction with the following addition:

"In this case, the plaintiff asserts that defendant was guilty of two reckless acts, first, speeding at an excessive rate and, secondly, the act of taking his eyes off the road while driving at great speed. You should consider the defense of assumption of risk separately as it may apply to each of the alleged acts of recklessness."

I. Plaintiff believes the expanded instructions are still inadequate and his requested instructions would have properly explained his theory. The requested instructions were properly refused. It would have been error to instruct the jury, as requested by plaintiff, defendant could not claim the defense of assumption of risk unless he showed "[t]hat Wallace knew that Defendant while driving at a high rate of speed turned his head from the road and that Wallace knew of the danger resulting therefrom."

In our opinion upon the first appeal we merely held plaintiff was entitled to have the jury instructed so as to enable them to consider his claim. That claim was the accident resulted from a reckless act the risk of which he did not assume. We did not imply the jury should be instructed they had to find in accordance with such a claim. Defendant had a clear right to have the jury consider his claim the accident resulted from reckless speed the risk of which plaintiff did assume. The trial court was right in allowing the jury to consider both theories. The challenge to the expanded instruction is without merit.

II. In a separate assignment plaintiff argues a necessary element of the assumption of risk doctrine was omitted from the definition given in the instruction. King v. Barrett, supra, 185 N.W.2d at 213, detailed the doctrine's five elements. The third element requires that a plaintiff must be shown to have an alternative of subjecting or not subjecting himself to the danger from the recklessness. See also Restatement, Torts 2d, § 496E(2). Plaintiff argues his requested instructions covered the third element and the instructions given did not.

But plaintiff failed to except to the instructions for this claimed omission at trial. This argument was not made until the motion for a new trial, too late to preserve error in a civil case.

"Of course, only the matter objected to before the instructions are read to the jury and the particular grounds for the objection(s) are to be considered by this court." Pose v. Roosevelt Hotel Co., 208 N.W.2d 19, 25 (Iowa 1973).

Affirmed.